JOHN S. METZGER AND WALTER A. METZGER
v. E. C. BURNETT.
No. 199.

1. FRAUDULENT CONVEYANCE — *issuance of execution prior to action to set aside, not necessary.* In an action in the nature of a creditor's bill, to set aside a fraudulent conveyance of real estate and subject the land to the payment of the plaintiff's judgment, it is not necessary that an execution upon the judgment be taken out prior to the commencement of the action.

2. EVIDENCE — *journal entry of judgment in another county admissible, though no proof original cannot be produced.* A duly attested copy of a journal entry of a judgment rendered in another county, may be read in evidence without proof that the original cannot be produced.

3. APPELLATE PROCEDURE — *objection that seal wanting from execution admitted in evidence, first made on appeal, not considered.* Where an execution was admitted in evidence by the trial court over objection, and no suggestion was made or attention called to the fact, if such fact existed, that the seal of the court did not appear thereon, this court will not consider the ques-

tion, when raised here for the first time by reference to the fact that no note is made of a seal in the record brought here.

4. EVIDENCE — *book containing one entry made by witness, concerning which matter he had before testified, inadmissible.* A book offered in evidence, which contained but one entry made by the party producing the same, and that being simply and solely a memorandum of the transaction testified to by said witness, was properly refused admission as evidence.

5. FRAUDULENT GRANTOR — *not being necessary party to suit to set aside fraudulent conveyance, witness in behalf of, incompetent.* In an action to set aside a fraudulent conveyance, the wife of the party to whom the fraudulent conveyance was given is not a competent person to testify in behalf of the grantor, in relation to said transaction, although the grantor of said conveyance appears as a nominal party in the case.

Error from Saline District Court. Hon. R. F. Thompson, Judge. Opinion filed March 22, 1897. *Affirmed.*

This action was begun in the District Court of Saline County by defendant in error against plaintiffs in error to vacate and set aside a deed and mortgage made by John S. Metzger to his co-defendant, Walter A. Metzger. It was alleged that the deed and mortgage were made with the fraudulent intent of avoiding the collection of a judgment which the defendant in error had recovered against John S. Metzger. The judgment was recovered in Ottawa County, and a transcript had been filed in Saline County where this action was instituted.

Trial was had which resulted in a judgment for plaintiff below, and defendants below bring the case here.

*Z. C. Millikin,* for plaintiffs in error.

*T. W. Bartley,* and *David Ritchie,* for defendant in error.

376    METZGER v. BURNETT.

N. Dept.            Opinion. Wells, J.            5 Kan. App.

WELLS, J. The plaintiff in error contends that before an action to set aside a fraudulent conveyance can be instituted, an execution must issue and be levied upon the property sought to be reached. This is not the law. We think the correct rule is laid down in the American and English Encyclopædia of Law, vol. 4, page 575, *note* 1 :

*1. Issuance of execution not necessary, when.*

" Where lands or chattels, of which the legal title was in the debtor, have been frauduently conveyed, it is enough to have a judgment . . . because the application to chancery is to remove an obstruction which prevents a legal lien from operating upon the property."

The same principle is laid down in *Dunham v. Cox* ( 2 Stockton's Chancery [ N. J.], 437), found in 64 American Decisions, page 460, where the court, by Williamson, Chancellor, says :

" When a creditor has by a judgment established his debt, by the statute he acquires a lien upon all the real estate of his debtor to satisfy his debt. If the debtor has fraudulently conveyed away or incumbered his real estate, so as to interpose an obstacle which embarrasses the debtor in appropriating it by legal process in satisfaction of his debt, then the creditor may file his bill to remove out of the way such fraudulent conveyance or incumbrance. It is not necessary for him to take out execution upon his judgment. The judgment constitutes a lien upon the land, and there is no necessity of compelling the creditor as a mere matter of form, to incur the further expense at law of issuing an execution."

The plaintiff in error complains that the court erred in permitting an attested copy of the journal entry of a judgment rendered in another county to be read in evidence, without proof that the original could not be produced.

*2. Attested journal entry competent, when.*

We see no error in this.   Greenleaf on Evidence, section 91, reads:

"The rule rejecting secondary evidence is subject to some *exceptions;* grounded either on public convenience, or on the nature of the facts to be proved.   Thus, the contents of any record of a judicial court, and of entries in any other *public books or registers*, may be proved by an *examined copy*.   This exception extends to all records and entries of a public nature, in books required by law to be kept; and is admitted because of the inconvenience to the public which the removal of such documents might occasion, especially if they were wanted in two places at the same time; and also, because of the public character of the facts they contain, and the consequent facility of the detection of any fraud or error in the copy."

Complaint is also made that the trial court, over the objection of defendant, permitted the plaintiff to introduce in evidence a pretended execution which he had caused to issue to the sheriff of Ottawa County, Kansas — the contention being raised in this court for the first time that no seal appears upon the copy contained in the record brought here for review.   Under the authority of *Dexter v. Cochran* (17 Kan. 447), we do not think this claim could be sustained, even if the issuance of an execution were necessary.   We do not think this was error.

3. Seal wanting from execution, not considered.

Complaint is also made of the refusal of the court to admit in evidence a book containing an entry in relation to the debt in controversy, between the brothers, the only evidence in relation to which was the testimony of the party who produced it, which was substantially as follows:

4. Book of entry not competent.

"This memoranda was made at or about the time it bears date.   That is the book that I had.   My father gave me that book many years ago.   I always

378       Metzger v. Burnett.

N. Dept.       Opinion.   Wells, J.       5 Kan. App.

kept it. I made that entry in the book. I made those entries after I lent my brother the money. I have no other accounts that I remember of. That is the only thing that I remember putting in it. The other entries are not mine. I am positive I made those entries at the time I made the loan.''

Finally, the plaintiff in error claims the court below committed reversible error in excluding the deposition of Mrs. L. D. Metzger. This witness was the wife of the party to whom the deed claimed as fraudulent was given, and it is contended by the plaintiff in error that she was competent to testify on behalf of the defendant, not her husband. In the American and English Encyclopedia of Law, vol. 4, page 578, it is said :

5. Witness in behalf of fraudulent grantor incompetent.

''It seems that, in suits brought against fraudulent alienees to avoid specific conveyances, the action is a proceeding *in rem*, and as the debtor cannot be prejudiced by a decree, he need not be a party defentant.''

If this is true, then no evidence on his part was necessary or admissible. We think the evidence in the case was sufficient to warrant the judgment rendered and that no reversible error appears upon the record.

The judgment of the court will be affirmed.