WILLIAM B. CLOSE *et al.* v. GEORGE E. WHEATON *et al.*

No. 12,823.  (70 Pac. 891.)

SYLLABUS BY THE COURT.

CONTRACT—*Specific Performance—Venue.* An action to compel the specific performance of an agreement to convey land, if the defendant's obligation is in contract merely, without any element of trust, is an action *in personam*, and must be brought in the county where the defendant resides, and not of necessity in the county where the land is situated.

Error from Trego district court; LEE MONROE, judge.   Opinion filed December 6, 1902.   Reversed.

*F. C. Elliott*, and *W. R. Hazen*, for plaintiffs in error

*L. C. Poehler*, and *Bishop & Mitchell*, for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. :  This was an action of specific performance to compel the execution of a deed to land situated in Trego county.   The action was brought in that county, but the defendants of whom performance was asked were non-residents of the state, and other defendants of whom relief of an incidental character was asked, though residents of the state, were non-residents of the county.   Seasonable objections to the jurisdiction of the court over the persons of the defendants were made and overruled.   A trial was had and judgment rendered for plaintiffs, to reverse which error has been prosecuted to this court.   The jurisdictional subject only need be considered.

There is no doubt that specific performance, looking alone to its nature, operates *in personam* entirely, and that, as a consequence, independently of statute, a suit to compel the execution of title papers can be brought only in the county of the defendant's residence.   The case of *Spurr and others v. Scoville*, 3 Cush. 578, is a pointed authority on the subject.   The endeavor there was to compel a resident of Connecticut, on whom personal service had not been obtained, to execute a contract for the conveyance of lands in Massachusetts.  Among other things, including a review of many of the authorities, the court said :

"But this suit is a proceeding *in personam* merely, in which a decree is sought against the person and

not against the property, and it is wholly immaterial whether the land which was the subject of the complaint be or be not within the jurisdiction of the court. It is sufficient if the parties to be affected and bound by the decree are within the jurisdiction. An inability to enforce the decree *in rem* would constitute no objection to the right to entertain the suit. If, however, the defendant were within the jurisdiction, and should refuse to perform a decree against him, if the lands also were within the jurisdiction, in addition to proceedings *in personam* the court might perhaps put the plaintiff in possession of the land. (2 Story's Equity, § 744.) . . . This is a proceeding strictly *in personam*, and the party must be, not technically or constructively, but actually and really, before the court and within its jurisdiction. An appearance by attortorney to object to the jurisdiction cannot give jurisdiction in a case like this.''

The character of an action for specific performance as *in personam* entirely is so well established that courts having jurisdiction of the parties frequently entertain suits to compel the execution of contracts for the conveyance of lands in other states in which, of course, their decrees as to the *res* cannot operate. (*Lindley v. O'Reilly*, 50 N. J. L. 636, 1 L. R. A. 79, 15 Atl. 379, 7 Am. St. Rep. 802.)

Sometimes a question may exist as to whether the complaining party may not have such peculiar interest in the property as to entitle him to the enforcement of a trust, and not of contract merely (*Merrill v. Beckwith*, 103 Mass. 503, 40 N. E. 855), in which event the action might be local and not transitory, but the plaintiffs in this case have neither stated in their pleadings nor claimed before us such character of right. We are, therefore, well convinced that the inherent nature of the ordinary proceeding to compel a vendor to comply with his contract, as contract, by

Close v. Wheaton.

the execution of a deed, makes the action one *in personam,* which can be brought only where the defendant resides or may be legally served with personal process.    Does our statute authorize it to be elsewhere brought?   The provisions having relation thereto are sections 46 and 47 of the civil code (Gen. Stat. 1901, §§ 4476, 4477), as follows:

"46. Actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in section 47:

"First.  For the recovery of real property, or of any estate or interest therein, or for the determination in any form of any such right or interest.

"Second.  For the partition of real property.

"Third.  For the sale of real property under a mortgage, lien, or other encumbrance or charge.

"47.  If the real property, the subject of the action, be an entire tract and situated in two or more counties, or if it consists of separate tracts situated in two or more counties, the action may be brought in any county in which any tract or part thereof is situated, unless it be an action to recover possession thereof; and if the property be an entire tract situated in two or more counties, an action to recover the possession thereof may be brought in either of such counties; but if it consists of separate tracts in different counties, the possession of such tracts must be recovered by separate actions, brought in the counties where they are situated.   An action to compel the specific performance of a contract of sale of real estate may be brought in the county where the defendants, or any of them, reside."

It is manifest that none of the provisions of section 46 applies.   The only possibly applicable words in that section are those in clause "First"; but an action for specific performance is not, of course, one for the recovery of real property, or an estate or interest therein; nor is it "for the determination in any form of any such right or interest."   That language would seem,

53—65 KAN.

at first reading, to be quite sweeping and inclusive, but it will be perceived that it is not comprehensive of suits to compel the performance of mere contracts to convey, if it be admitted, as just stated, that such suits operate only *in personam*.

Suits for the performance of agreements are not brought to determine titles, because, if so, they would operate on the *res*, but they are brought to enforce purely personal contracts. Of course, if the defendant obeys the decree the title will pass, and the court may in proper cases order the decree to stand as a conveyance, in which instance also the title will pass ; but, nevertheless, the object of the suit is not to determine the title, but to compel the defaulting party to abide his agreement.

However, it is contended that the concluding provision of section 47, above quoted, relating in terms to actions for specific performance, gives to the plaintiff the right to sue either in the county where the land is situated or in the one where the defendants or some one of them reside. Emphasis is placed on the permissive word. The plaintiff *may* sue where the defendants or some one or more of them reside, from which it is implied that he need not sue there but may sue where the land lies. This is an erroneous view. The option given is not to be exercised between the venue of the land and the venue of the defendants, but between the respective venues of the different defendants. The provision contemplates the case of several defendants and authorizes the institution of a suit where any one of them resides. That is all it does.

The judgment of the court below is reversed, with directions for proceedings in accordance herewith.

All the Justices concurring.