A. S. FULLER v. MARIA T. HORNER *et al.*
No. 13,659.   (77 Pac. 88.)

SYLLABUS BY THE COURT.

1. FRAUDULENT CONVEYANCE—*Limitation of Action.*  In an action by a creditor for relief on the ground of the fraudulent conduct of his debtor it is necessary to establish ignorance of the fraud until a time within the period limited for the commencement of an action, in order to remove the statutory bar.

2. ———— *Assignee Bound by Knowledge of Assignor.*  The assignee of a claim is chargeable with any notice .or knowledge of fraudulent acts on the part of the debtor affecting the collection of the debt which, the original debtor possessed.

3. ———— *Venue of Action—Power of Court to Enforce Decree.*  An action by a creditor to set aside a fraudulent conveyance of his debtor's property may be maintained in any jurisdiction where the guilty parties may be found.  In such a case the court does not act upon the land itself, but upon the parties to the fraud; and it not only has authority to declare the conveyance void as an obstruction to the enforcement of the creditor's rights, but it has the further power to compel the defendants to do all things necessary, according to the *lex loci rei sitœ*, which they could voluntarily do, to give full effect to the decree.

Error from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed June 11, 1904.   Affirmed.

*Allen & Allen,* and *Troutman & Stone,* for plaintiff in error.

*Bergen & Dann,* for defendants in error.

The opinion of the court was delivered by

BURCH, J.: On August 1, 1888, Maria T. Horner executed and delivered to J. N. Strickler, as cashier, a promissory note for $1200, maturing August 1, 1893, and secured it by a mortgage on real estate in the city of Topeka.   Before maturity these instruments became the property of Lucy M. Higgins, a resident of the state of Massachusetts.   Lucy M.

Higgins died intestate on December 23, 1896. Her executors reduced the note to judgment against Maria T. Horner in the district court of Shawnee county on April 6, 1898, and obtained an order for the sale of the mortgaged premises. The property was sold on November 14, 1898, and after the proceeds had been applied to the satisfaction of the judgment a balance remained unpaid of about $1850.

In February, 1896, Maria T. Horner became the owner of certain real estate in the city of New York by warranty deed duly recorded in the office of the register of deeds of the county of New York, in the state of New York, on the 17th day of February, 1896. On March 6, 1896, Maria T. Horner conveyed this property to her daughter, Sara T. Horner, by deed duly recorded March 9, 1896, and for the purpose of this decision the conveyance may be regarded as having been made voluntarily and without any consideration. Some time in the year 1901, Sara T. Horner disposed of the New York property, and on May 22, 1901, invested a portion of the proceeds derived from its sale in lot No. 383 on Kansas avenue, nue, in the city of Topeka.

In June, 1901, the plaintiff purchased the Higgins judgment against Maria T. Horner, and on July 30, following, filed a creditor's bill in the district court of Shawnee county against Maria T. Horner and Sara T. Horner to subject the Kansas avenue property to the payment of his claim. Judgment was rendered in favor of the defendants, and the plaintiff prosecutes error in this court.

The court found that Maria T. Horner and Sara T. Horner had resided in the state of Kansas from the year 1888 to the time of the trial, and that they had not been out of the state for any considerable length

of time during the period of their residence here. The evidence and the findings of fact do not disclose notice or knowledge on the part of Lucy M. Higgins of the conveyance of the New York property by Maria T. Horner to her daughter, except such as the recording of the conveyance might impart. Nor do they show affirmatively that she was ignorant of the fraud which the plaintiff claims was committed; but her executors and the plaintiff were not informed of the conveyance in question until within two years before the commencement of the plaintiff's suit. Upon these facts the question arises whether the plaintiff's cause of action was barred by the statute of limitations at the time his suit was begun.

The plaintiff's action is one for relief on the ground of fraud. His claim is derived from Lucy M. Higgins, and any defect in her right to take advantage of her debtor's conduct necessarily handicaps him. Notice to her of a fraudulent attempt to prevent the collection of her debt is notice to the plaintiff, and her knowledge is his knowledge. The original wrong-doing on the part of the defendants, if any were committed, consisted in making the conveyance of March 6, 1896. The sale of the New York property by the fraudulent vendee and the investment by her of the proceeds in other real estate to which she took the title wrought no fresh or additional injury, and fixed no new point of departure from which the plaintiff might compute the time for bringing suit. So far as the record shows, Lucy M. Higgins may have been fully cognizant of the first transfer and its effect upon her rights for a number of months before her death; and it is familiar law that ignorance of any fraud complained of until a time within the period limited for the commencement of an action must be established to remove the statutory bar.

(*Young v. Whittenhall*, 15 Kan. 579; *Myers v. Center*, 47 id. 324, 27 Pac. 978.)

Assuming the fraud to have been discovered, a cause of action for relief on account of it was complete, at least, as soon as November 14, 1898. Whether or not such an action might have been commenced at an earlier date it is not necessary to inquire. The plaintiff's action was not begun until July, 1901; therefore, it was barred.

The plaintiff argues that he had no cause of action against the Horners until the proceeds of the sale of the New York property were brought within the jurisdiction of the courts of this state. Such, however, is not the law. Some early decisions sustain the plaintiff's view, but the authorities are now substantially agreed that an action by a creditor to set aside a fraudulent conveyance of his debtor's property may be maintained in any jurisdiction where the guilty parties may be found. In such a case the court does not act upon the land itself, but upon the parties to the fraud, and it not only has authority to declare the conveyance void as an obstruction to the enforcement of the creditors rights, but it has the further power to compel the defendants to do all things necessary, according to the *lex loci rei sitæ*, which they could voluntarily do, to give effect to the decree. (*Johnson v. Gibson et al.*, 116 Ill. 294, 6 N. E. 205; *Woodbury v. Nevada etc. Ry. Co.*, 120 Cal. 463, 52 Pac. 730; *Beach v. Hodgdon*, 66 id. 187, 5 Pac. 77; *Coleman & Quillian v. Franklin, Guardian*, 26 Ga. 368; *Lehmberg v. Biberstein*, 51 Tex. 457; *Phelps v. McDonald*, 99 U. S. 298, 25 L. Ed. 473; *Miller v. Sherry*, 2 Wall. 237, 249, 17 L. Ed. 827; *Kirdahi v. Basha*, 74 N. Y. Supp. 383; *Bailey v. Ryder*, 10 N. Y. 363; *Gardner v. Ogden*, 22 id. 327, 78 Am. Dec. 192; Wait, Fraud. Convey. & Cred.

Bills, 3d ed., § 405; Smith, Eq. Rem. of Cred., §§ 38, 51, 17e; 5 Encyc. Pl. & Pr. 438.)

The case of *Gray v. Folwell*, 57 N. J. Eq. 446, 41 Atl. 869, apparently opposed to this conclusion, follows without discussion the case of *Servis v. Nelson*, 14 N. J. Eq. 94, in which the sum total of the court's consideration of the question is expressed in the statement that the land was not within the jurisdiction of the court or under its control.

Since, in any event, the plaintiff's action in this state was barred before it was commenced, it is not necessary to consider what remedies may have been available to his assignors in the state of New York, or what relief they might have obtained under the drastic and comprehensive provisions of the garnishment law of this state.

The plaintiff assigns error with respect to a number of other matters embraced in the decision of the district court. None of them, however, affects the questions already discussed, and, since they are determinative of the case, the judgment of the district court is affirmed.

All the Justices concurring.