FRANK TIMMA *et al.* v. E. W. TIMMA.

No. 14,279.  (82 Pac. 481.)

SYLLABUS BY THE COURT.

1. JURISDICTION—*Nature of a Suit for Specific Performance.* A suit to compel specific performance of an agreement to convey land is an action *in personam,* which can be tried wherever jurisdiction of the person of the defendant can be acquired.

2. ——— *Suit to Have a Deed Declared a Mortgage.* As the issues were formed herein the suit was essentially one to have an instrument, which was in form a deed, adjudged to be a mortgage securing a debt, and for the cancelation of the same upon the payment of the debt, and the quieting of the title of the mortgagor, rather than for specific performance of a contract to convey land.

3. EVIDENCE—*Volunteer Witness—Credibility.* The fact that a person may voluntarily come from another state and without process appear and testify in court does not impair his competency as a witness, nor necessarily deprive his testimony of probative force.

4. MORTGAGES—*Conveyance Held Not Absolute, but a Security.*

It is *held,* that the testimony is sufficient to show that the instrument in controversy was intended by the parties as a mortgage for security only, instead of an absolute transfer of title.

Error from Graham district court; CHARLES W. SMITH, judge. Opinion filed October 7, 1905. Affirmed.

*L. C. Uhl & Son,* for plaintiffs in error.

*F. D. Turck,* and *H. J. Harwi,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: E. W. Timma negotiated the purchase of a tract of land in Graham county, and not having the money with which to pay for it his brother, Frank Timma, advanced the purchase-price, $800, and a deed of the land was made to Frank. Whether that deed was an absolute conveyance to him, or only a mortgage to secure the money loaned by him to E. W. Timma, is the matter in dispute.

E. W. Timma claimed that his brother loaned him the $800, payable within five years from the time of the purchase, and that the instrument of conveyance then made was merely to secure the loan. On the other hand Frank claimed that he purchased the land outright for himself, and that, as E. W. Timma desired the land, he agreed to give him an option to purchase it on condition that certain payments should be made within one year, but that these payments were not made, whereupon the option was extended for a short time, and as the payments were not then made he insisted that the option was ended, and the right of E. W. Timma even to purchase the land was concluded. Within two years after the purchase E. W. Timma paid part of the indebtedness to his brother, and later tendered a sum sufficient to discharge the entire indebtedness, including the land loan, but Frank

claimed that he had an absolute title to the land and that E. W. Timma had no interest in it.

This suit was then brought against Frank Timma and his wife to have the deed declared to be a mortgage, and for an accounting between the parties as to the extent of the indebtedness secured by the mortgage, and asking that upon the payment of the debt, the amount of which had already been tendered, a deed be executed by Frank Timma to E. W. Timma, and that if this were not done the title of E. W. Timma to the land be quieted as against the claims of Frank Timma. The trial resulted in favor of E. W. Timma, and judgment was given in accordance with the prayer of his petition.

Frank Timma objected, and claimed that the suit was not brought in the proper county, and that, therefore, the trial court was without jurisdiction. He contended that the suit was one for specific performance and should have been brought in Smith county, where he resided, instead of in Graham county, where the land was situated. The contention is not sound.

The leading feature of the controversy was whether the deed, which upon its face was an absolute conveyance, was executed as a mortgage, and for security only. Of course, a suit must be conducted upon a definite theory, and from the averments of the amended petition this one appears to have been essentially one to have a deed adjudged to be a mortgage, which when satisfied should be canceled and the title of E. W. Timma quieted as against the pretensions of Frank Timma.

However, if it were regarded as a suit for specific performance, the point made would not avail Frank. A suit to compel the specific performance of an agreement to convey land is an action *in personam*, which can be tried wherever jurisdiction of the person of the defendant can be obtained. (*Close v. Wheaton,* 65 Kan. 830, 70 Pac. 891.) Frank Timma came into court in this proceeding, whether in obedience to the

Timma v. Timma.

personal service of a summons or voluntarily the record does not disclose; but he appeared generally and on two occasions asked the court to require the petition of the plaintiff to be made more definite and certain. It was after this general appearance that the question of jurisdiction was raised, and in no view could there have been any lack of jurisdiction.

It is strenuously argued that the finding of the court that the instrument was intended as security for a loan rather than as an absolute conveyance is without support in the evidence. A reading of the evidence satisfies us that there is abundant support for the finding and the judgment based upon it.

It is insisted that some of the evidence offered in support of the finding was given by witnesses who were animated by feelings of partiality and prejudice, and should not therefore receive consideration. An attack is made upon the testimony of the mother, who was about eighty years of age, and who it is said resided with E. W. Timma, and was therefore under his influence. This was not a disqualifying circumstance, and no reason is seen why her testimony should not receive consideration. The testimony of a sister who came from beyond the jurisdiction of the court and testified voluntarily is challenged. The fact that a person may come a great distance and voluntarily give his testimony in court does not impair the competency of the witness, nor necessarily deprive his testimony of probative force.

The result reached by the court appears to be just and conformable with the rules of law. The judgment is affirmed.

All the Justices concurring.