No. 19,360.

H. H. RANDALL, as Guardian, etc., *Appellee*, v. JAMES M. ROSS and MAGGIE A. ROSS, *Appellants*.

SYLLABUS BY THE COURT.

ACTION—*Setting Aside Deed—Canceling Mortgages Fraudulently Obtained—Jurisdiction in County Where Land is Situate.* The petition alleged that the defendants (who resided in Neosho county) had fraudulently taken advantage of plaintiff's mental incapacity and induced him to exchange a half section of land in Clark county for certain lots in the city of Ashland and to execute certain notes secured by mortgage on the lots, and also covering a certain promissory note for $1310, the difference in value of the properties thus purporting to be exchanged being $4700; that the defendants would, unless restrained, assign and transfer the notes and mortgage and convey the land to innocent purchasers. The plaintiff offered to reconvey and prayed that the defendants be restrained and enjoined from transferring the notes and mortgage and from conveying the real estate, "and that all of said deeds, notes and mortgages be cancelled and set aside and each of the parties restored to the property that they had before said purported exchange of properties," and for costs. *Held*, that the action was not to compel the defendants to do or undo anything, but to obtain from the court a decree destroying the effect of the pretended exchange and restoring the plaintiff and his land to that freedom from cloud and apparent liability existing before the transaction with the defendants was had, and was properly brought in Clark county, where the land is situated.

Appeal from Clark district court; GORDON L. FINLEY, judge. Opinion filed March 6, 1915. Affirmed.

*W. R. Cline,* and *J. Q. Stratton,* both of Erie, for the appellants.

*W. W. Harvey,* of Ashland, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff, by the guardian of his estate, filed his petition in the district court of Clark

county June 26, 1913, alleging that the defendants formerly resided in that county and knew the plaintiff to be a person of unsound mind and incapable of managing his affairs, but nevertheless, about January 25, 1913, made what purported to be a sale to him of certain lots in the city of Ashland and executed a deed therefor, which was afterwards filed for record, and which purported to convey the lots to the plaintiff, subject to a mortgage of $1500, which by the terms of the deed he agreed to pay; that on the same day they caused him to execute to them a mortgage on the same property for $3000 to secure certain notes, which mortgage also purported to be a lien on a certain note for $1310 executed by Thomas Robinson to the plaintiff; that on the same date the defendants caused the plaintiff to execute to Maggie A. Ross a general warranty deed for a half section of land in Clark county, subject to a mortgage of $500 due the state of Kansas; that the aggregate consideration received by the defendants was $7200, while the property received by the plaintiff did not exceed in value $2500; that the defendants took advantage of his mental condition and falsely misrepresented the condition of the property received by him and its rental value and their title, which was falsely represented to be good when it was in fact to their knowledge imperfect and unmarketable. He prayed that the defendants be enjoined from transferring any of the property received by them and tendered back the property, deed and conveyances received by him, and prayed that all the notes and mortgages received by the defendants be canceled and set aside and the parties have restored to them the property which they had before such purported exchange, and that the plaintiff recover costs and other proper equitable relief.

Summons was issued to the defendants in Neosho county, where they resided, and made returnable July 7, notifying them that they must answer on or before July 26. The summons was personally served on June 28,

after which the defendants filed what they termed a special appearance, and thereafter certain proceedings were had resulting in a decree that the sale or exchange of property be set aside. The deed from Ross and wife to Randall and the note to Randall from them and the deed from Randall to Maggie A. Ross were adjudged and decreed to be void, and it was decreed that they be canceled of record and that a copy of the decree be filed and recorded in the office of the register of deeds of Clark county, and further, that the plaintiff's title in and to the half section of Clark county and that of the defendants' title to the lots, city of Ashland, be quieted, the defendants being adjudged to pay the costs.

The sole question presented by the appeal is that of jurisdiction, the defendants contending that the court failed to acquire jurisdiction over them because the action was one *in personam* and not *in rem;* that the decree sought by the petition was operative on the person of the defendants and not on the real estate; and that the suit is governed by section 55 of the civil code and not by section 48. It is further contended that the summons was void and should have been quashed because made so returnable that only nineteen days were left for answer. The plaintiff insists that the defendants made a general appearance by virtue of having practically filed a præcipe for a copy of the pleadings to be taxed as costs, and also by the motion filed by them, and argues that the suit was brought in the proper county.

Section 107 of the civil code requires that the answer shall be filed within twenty days after the day on which the summons is returnable. (*Neitzel v. Hunter*, 19 Kan. 221.) Excluding the return day, which was July 7, and including the answer day, which was July 26, but nineteen days would be left, July 6, ten days from the date of the summons, being Sunday. Section 62 of the civil code provides that the summons shall be served within ten days from its date, except when

Randall v. Ross.

issued to another county, when it shall be made returnable in not less than ten nor more than sixty days from its date.  Assuming for the moment that the motion to set aside the summons and quash the return was made on special appearance, such motion was based, not on the ground of shortness of time, but on the proposition that the defendants could not be served in Neosho county in answer to a petition filed in Clark county. The matter of time now complained of does not appear to have been brought to the attention of the trial court, but after the motion was ruled on, again assuming to appear specially, the defendants demurred to the petition for lack of jurisdiction, hence no prejudicial error is apparent in respect to the date of the answer day.

Section 48 of the civil code provides in substance that an action for the recovery of real property "or of any estate or interest therein, or for the determination in any form of any such right or interest, or to bar any defendant therefrom" must be brought in the county where the subject of the action is situated.  Section 55 requires that every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned.  If the action is governed by this section, then it was improperly brought in Clark county.  If it is an action for the recovery of any estate or interest or the determination of any right or interest in any real estate or to bar any defendant therefrom, then it could only be brought in Clark county.

The question is not very clear, but an examination of the authorities may clarify the situation.  In *Neal v. Reynolds*, 38 Kan. 432, 10 Pac. 785, it was held that one who seeks to rescind a contract for the exchange of real estate by an action brought in the county where the land is situated against persons residing in another county can not, after they have been summoned and appear in the action, amend by adding another cause of action for damages "and thus blend a local with a

transitory cause of action." (Syl. ¶ 1.) The action was held to be local, and that only for that reason could the defendant be compelled to litigate in the county where the land ·was situated. It appeared that the contract was for the exchange of real estate in Allen county for land in Missouri, the plaintiff being a resident of Allen county and the defendants residents of Douglas county. Warranty deeds had been exchanged before the action was brought. In *Dillon v. Heller,* 39 Kan. 599, 18 Pac. 693, holding that in an action to quiet title brought by one in possession against one residing out of the state service by publication gives jurisdiction, it was said that the action was one only *in rem;* that land of nonresident owners is attached and sold to pay debts, and the court had the power to render the judgment prayed for in this instance. The rule declared in *Close v. Wheaton,* 65 Kan. 830, 70 Pac. 891, is that an action to compel specific performance of a contract to convey land, the obligation being without any element of trust, is *in personam* and must be brought in the county where the defendants reside, "and not of necessity in the county where the land is situated." (Syl.) The language of section 48, already quoted, was referred to as not comprehensive enough to include suits to compel the performance of mere contracts to convey, and it was said that such suits were not brought to determine titles, although "of course if the defendant obeys the decree the title will pass, and the court may in proper cases order the decree to stand as a conveyance, . . . but, nevertheless, the object of the suit is not to determine the title, but to compel the defaulting party to abide his agreement." (p. 834.) *Fuller v. Horner,* 69 Kan. 467, 77 Pac. 88, was an action by a creditor for relief on the ground of fraud, in which it was sought to set aside a fraudulent conveyance of the debtor's property, and it was decided that it could be maintained in any jurisdiction where the guilty parties might be

found, and that in such a case the court does not act upon the land but upon the parties to the fraud, and has authority to declare the conveyance void and to compel the defendants to do all things necessary to give full effect to the decree. It was held in *Railway Co. v. Wynkoop,* 73 Kan. 590, 85 Pac. 595, that a suit to enjoin the undergrade crossing of a railroad operates *in personam* and is not one which must be brought in the county where the subject of the action is situated. In the opinion it was said that not every action growing out of a transaction concerning real estate is local, but that "where the decree sought is to operate on the person, and not upon the real property, the location of the property indirectly affected is not material" (p. 593), citing Chief Justice Marshall in *Massie v. Watts,* 10 U. S. 148, where it was said:

" 'In a case of fraud, of trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree.' (p. 160.)" (p. 593.)

In *Martin v. Battey,* 87 Kan. 582, 125 Pac. 88, holding that partition must be brought in the county where the land is located and that such action could not include the interests of those who owned the land in a remote county but had no interest in the land where the suit was brought, it was said, referring to the quoted portion of section 48 of the civil code:

"So strict is this requirement that if a party seeks to recover the possession of land and it consists of separate tracts in two or more counties separate actions must be brought in the counties where they are situated. . . . A party seeking to recover land can not compel another claiming interest in or title to it to litigate the title in any county except where the land is situated. . . . If the court is asked to act upon the person of the defendant the action may be tried in any county where the defendant may be served and a lack of jurisdiction over him may be waived, but when the court is called upon to act upon real estate it

is essential that the action shall be brought within the prescribed territorial jurisdiction, and if not brought there the court is without power to adjudicate the issues either with or without the consent of the parties." (pp. 588-590.)

"The action must be brought where the land lies if these two things concur: (1) If the subject of inquiry is a right or interest in the land; and (2) if the judgment in the case will operate directly upon this right or interest. But the action, under this doctrine, is not within the rule, although its subject of inquiry is such right or interest, if the judgment operates merely *in personam*. The result is to distinguish actions 'for the determination' of an interest in land from actions which involve the determination of such an interest, but will take effect in an injunction commanding defendant to do an act which can be done by him within the jurisdiction of the court, or in a judgment for pecuniary damages for breach of a contract." (40 Cyc. 59.)

In *Hayes v. O'Brien et al.*, 149 Ill. 403, 37 N. E. 73, 23 L. R. A. 555, it was held that a suit to compel execution or cancellation of a deed to land may be within the jurisdiction of a court outside the county in which the land lies if it has jurisdiction of the person of the defendant. The land lay in Lake county and the suit was brought in Cook county, and it was held that when the relief sought does not require the court to deal directly with the land itself the proceeding does not affect the real estate within the meaning of the chancery act applicable, "and the court having the parties in interest all before it, may proceed, although the land to which the controversy relates may lie without the jurisdiction of the court." (p. 410.) In *State ex rel. Barrett v. District Court of Pine Co.*, 94 Minn. 370, 120 N. W. 869, 3 Ann. Cas. 725, an action to cancel a contract for the sale of land on the ground of fraud, and for the recovery of the purchase price, in which it did not appear that the vendors had the title to land, and in which no relief as to any real estate was involved, was held to be transitory and not local. The

plaintiff alleged that the defendants had fraudulently procured a conveyance from him of certain land in Pine county which he sought to have canceled, together with a return of the purchase price. A demand for change of venue to Ramsey county, where the land was located, was denied, and mandamus to compel the transmission by the court of Pine county of the files to Ramsey county was brought. *Close v. Wheaton,* 65 Kan. 830, 70 Pac. 891, was cited with approval (p. 373), and it was held that the principal thing sought was the recovery of a money judgment, and that it did not appear that the defendant owned the land, that the contract was recorded, or that the decree would necessarily affect the title, hence the mandamus was denied.

From allegations of the petition it is clear that the relief sought consisted in preventing the defendants from transferring the land or the notes and mortgage, that the deeds, notes and mortgage executed to the defendants be canceled and set aside "and each of the parties restored to the property that they had before said purported exchange of properties," and that the plaintiff recover costs. Nothing was alleged as to possession, and no decree was asked quieting title. It was not asked that the defendants be required to reconvey or to perform any act whatever. The court was asked to decree the plaintiff into the status occupied by him before the alleged swindle, which in reality would be to hold the conveyance and the notes and security void, and to destroy their effect, which would and must be to leave the plaintiff's title and land unaffected and unclouded, and to relieve him from all liability on the notes and mortgage, all of which seem to bring the case fairly within the rule of *Neal v. Reynolds,* 38 Kan. 432, 16 Pac. 785.

By section 398 of the civil code a judgment for a conveyance would have had the effect of a conveyance, but here no conveyance was asked for.

"With the enactment of statutes permitting an equitable decree to have a direct effect on the estate or interest involved in the controversy, and with the general amalgamation of law and equity under the codes, the present tendency is to give this class of local equitable actions a much wider extent than formerly. Within it have been placed such actions as the following: A suit in equity to set aside a deed; . . . an action to declare plaintiff the owner of an undivided third of mining property, and to direct defendants to execute to him a conveyance thereof; an action to establish a trust in certain lands with an incidental accounting." (40 Cyc. 64, 65.)

"The real question in all these cases is as to the true nature of the action: Does it turn on the personal obligation or on the title? Does it take immediate effect *in personam* or upon the interest in the land? And the test here is found, not in any formal characteristic, but in the substantial nature of the action as shown in the pleading, and the kind of judgment which may be rendered." (40 Cyc. 63.)

Each case must be decided according to its own characteristics. This one is painfully and perplexingly near the border line between local and transitory actions. A few changes in the pleadings might put it on the other side from the one now properly occupied. But from a fair consideration of the two code provisions which seem to compel a holding that the action is either local or transitory, and not both, and a practical view of the remedy sought, we are led to the conclusion in view of the authorities that the plaintiff, finding himself deprived of the ostensible title to and ownership of his land, and also apparently liable for a debt seemingly secured by mortgage, with the instinctive desire to save his land and avoid such seeming liability, applied to the court to exercise its jurisdiction—not in restoring him to possession, or in compelling the defendants to do or undo anything, but in decreeing away all the effects of the alleged swindle by destroying all legal effect of the instruments which he

had been induced to execute, thus leaving him and his land clear from all cloud and embarrassment, as if the exchange had never been made. Essentially, if not formally, this relief consisted in determining a very vital interest in real estate and in barring the defendants from claiming entire ownership thereof.

The result is that the action, local in character, was rightfully brought in the county where the land is situated. This eliminates the necessity of considering the very interesting question of appearance presented by the record.

The decree is affirmed.