Gonzáléz, Plaintiff and Appellee, v. Lebrón et al.,
Defendants and Appellants.

Appeal from the District Court of Humacao in an Action
for the Execution of a Deed and for Damages—Motion
for Change of Venue.

No. 1482.—Decided July 21, 1916.

Venue—Performance of Contract—Purchase and Sale—Action in Perso-
nam—Jurisdiction.—When the action is not for the recovery of real prop-
erty, or of an estate or interest therein, or for the determination in any
form of such right or interest, or for injuries to real property (sec. 75 of the
Code of Civil Procedure), but its object is to enforce the specific perform-
ance of a contract of purchase and sale of a rural property, such action is
personal (*in personam*) and must be brought in the district where the defend-
ants, or some of them, reside, in accordance with section 81 of the said
Code of Civil Procedure.

The facts are stated in the opinion.

Mr. C. Domínguez Rubio for the appellants.

Mr. Francisco González for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Plaintiff, appellee, brought suit in the District Court of
Humacao alleging, among other things, that defendants are
the owners in common of a certain parcel of land described
in the complaint and situate within the judicial district of
Humacao; that plaintiff entered into and consummated with
defendants a contract of purchase and sale of the said prop-
erty under certain specified terms and conditions; that after
one of the defendants, who during the progress of the nego-
tiations had represented all, had commissioned a certain
notary for the drawing of the proper deed of conveyance
and after the same had been drawn, defendants refused to
sign the same and to fulfil the contract so entered into; that
plaintiff has duly complied with and is willing to fulfil all
the terms thereof that refer to him; and that by reason of
the failure of defendants to carry out the contract so made,
plaintiff has suffered damages as itemized in the complaint
amounting to a total of four hundred dollars.

The prayer is for judgment compelling the defendants to execute a public instrument of conveyance of the property described in favor of plaintiff, for the consideration and upon the terms specified in the complaint, and compelling them to pay to plaintiff four hundred dollars by reason of the damages suffered, together with the costs and disbursements incurred in this litigation.

Defendants, all of whom reside in Guayama except Francisco Berríos, demurred to the complaint for want of jurisdiction over the persons of defendants and moved for a change of venue to the District Court of Guayama. Francisco Berríos avers that although he lives and was served with summons in San Juan, yet he intends to remove to Guayama and reside there permanently, and therefore joins in the motion.

Sections 75, 81 and 83 of the Code of Civil Procedure, in so far as pertinent to the question now under consideration, read as follows:

"Sec. 75.—Actions for the following causes must be tried in the district in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this code:

"1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property.

&ast;          &ast;          &ast;          &ast;          &ast;          &ast;          &ast;

"Sec. 81.—In all other cases, the action must be tried in the district in which the defendants, or some of them, reside at the commencement of the action:

&ast;          &ast;          &ast;          &ast;          &ast;          &ast;          &ast;

"Sec. 83.—The court may, on motion, change the place of trial in the following cases:

"1. When the district designated in the complaint is not the proper district."

&ast;          &ast;          &ast;          &ast;          &ast;          &ast;          &ast;

A suit for the specific performance of a contract for the conveyance of real estate is primarily *in personam*, and the

case at bar is not an action "for the recovery of real property, or of an estate or interest therein," nor "for the determination in any form of such right or interest," nor "for injuries to real property." *Davis* v. *Parker,* 14 Allen (Mass.) 94; *Lucas* v. *Patton,* 107 S. W. 1143; *Morgan* v. *Bell,* 28 Pac. 925; *Closs* v. *Wheaton,* 70 Pac. 891.

The cases of *León* v. *Vázquez,* 16 P. R. R. 410, and *Río* v. *Vázquez, id.* 768, cited by the district court as the basis of its ruling and relied upon by appellee herein, neither of which was a suit for specific performance, are not in point.

The order appealed from must be

> *Reversed and change of venue ordered.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.