No. 21,500.

ALFRED ZANE, *Appellant*, V. MARY ZANE VAWTER, *Appellee.*

#### SYLLABUS BY THE COURT.

VENUE—*Action to Compel Reconveyance of Land—Deed Procured by Fraud—Action Transitory.* An action to compel the defendant to re- convey land claimed by him under a deed alleged to have been pro- cured through his fraud is transitory and not local, and may be brought in any county where personal service can be had upon him. The statute requiring actions "for the determination in any form" of an interest in real property to be brought in the county where it is situated relates only to actions in which such result is sought by means operating directly upon the property, and does not apply to those by which the conduct of the defendant is sought to be controlled, although the title to the property may thereby be affected.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed April 6, 1918. Reversed.

*D. R. Hite*, of Topeka, for the appellant.

*A. M. Harvey*, and *J. E. Addington*, both of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: Alfred Zane brought an action in Shawnee county against Mary Zane Vawter, who first filed an answer, and afterwards moved to dismiss the case for the reason that the court had no jurisdiction of the subject matter. The mo- tion was sustained, and the plaintiff appeals.

The petition alleges that the plaintiff is an heir of Susan Zane, who in her lifetime was the owner of a quarter section of land in Kingman county; and that the defendant by fraud obtained from her a deed to the land. The prayer is that the deed be set aside and the defendant be directed to deliver it up for cancellation, and "also for such other and further relief as may be consistent with the premises and with the principles of equity." The case was dismissed on the theory that the ac- tion was local and could only be maintained in Kingman county. The statute includes in the enumeration of actions which "must be brought in the county in which the subject of the action is

situated" those "for the recovery of real property, or of any estate or interest therein, or for the determination in any form of any such right or interest, or to bar any defendant therefrom." (Gen. Stat. 1915, § 6938.) Jurisdiction of an action of the character described in the language quoted is exclusive in the district court of the county in which the real property is situated. (*Randall v. Ross*, 94 Kan. 708, 147 Pac. 72.) The present case in one aspect falls within the description. So far as the relief sought is the setting aside of the deed, and that is specifically asked, the action is local and cannot be maintained in Shawnee county. But the plaintiff also asks for any equitable relief to which he may be entitled, and the dismissal was erroneous if the facts stated are such as to authorize any relief which the court had jurisdiction to order and enforce, for a prayer for relief which the court has no power to grant does not vitiate the pleading, but may be rejected as surplusage. The district court of Shawnee county could not render any effective decree operating directly upon the title to or possession of land in Kingman county. It could not cancel the deed executed by the plaintiff's ancestor. If it could order the surrender of the deed, that would not be an effective remedy, for such surrender would not necessarily cause the title to revest in the grantor, or in the grantor's heirs. But it could, upon a sufficient showing, order the defendant to execute a deed to the plaintiff. If the district court of Kingman county were to make such an order, and it should not be complied with, the judgment itself would operate as a conveyance. (Gen. Stat. 1915, § 7302.) No such effect could be given the decree of the Shawnee district court, for it has no jurisdiction over the land. But although that court has no control over the "*rem,*" it has over the person of the defendant, and it may, in the exercise of its equitable jurisdiction, investigate the allegations of fraud, and, if it finds them well founded, direct the defendant to take such action as will rectify the wrong, and undertake to compel obedience thereto by process directed against her personally. True, the remedy thus afforded is not complete. If the court should order the defendant to execute a deed and she should be committed for contempt in refusing to do so, the title would remain unchanged until she should see fit to act, and the court would have no power to affect it directly in any way.

Zane v. Vawter.

The remedy could not on that account, however, be regarded as necessarily ineffectual. The presumption should be that the order of the court would be obeyed, rather than that it would be disregarded. (*Meador v. Manlove,* 97 Kan. 706, 709, 156 Pac. 731.) Moreover, in a subsequent local action in Kingman county the decision in Shawnee county might be invoked as a conclusive adjudication upon the issue whether or not fraud had been committed.

These conclusions follow from the application of principles upon which there is a substantial agreement of judicial opinion. Courts frequently render judgments against persons, the effect of which is to constrain action affecting the title even to lands in other states. (Notes, 69 L. R. A. 673; 23 L. R. A., n. s., 924.)

"It is well settled that actions involving title and possession of real property are local in character and can be tried only in the state wherein the land lies, but it is equally well settled that, jurisdiction having been acquired, equitable relief may be afforded without regard to the location of the subject matter where it is enforceable against the person of the defendant." (*Caldwell v. Newton,* 99 Kan. 846, 848, 163 Pac. 163.)

An action brought by the plaintiff in Shawnee county, to compel the defendant to execute a deed conveying to him land in Kingman county, is not (within the meaning of the statute) one "for the recovery of real property, or of any estate or interest therein, or for the determination in any form of any such right or interest, or to bar any defendant therefrom," because such statutory language is generally (and as we think, rightly) construed to refer only to proceedings for the *direct* accomplishment of the results indicated, by a judgment operating upon the property itself. That interpretation detracts nothing from the efficacy of the law with respect to its chief purpose—to require transactions affecting the title to real estate to be of record where it is situated. It is based upon the well recognized distinction already referred to between decrees which in themselves determine or affect titles, and those which by operating upon the defendant personally may indirectly bring about such a changed condition through action on his part. (40 Cyc. 57-60.)

The judgment is reversed, and the cause is remanded with directions to overrule the motion to dismiss.