No. 34,903

ELLA T. HOWARD, doing business as THE HOWARD OIL COMPANY, *Appellee*, v. P. L. HALE, EMALINE F. HALE, *Appellants*, and P. L. HALE, JR., *Defendant*.

(121 P. 2d 237)

Opinion filed January 24, 1942.

*Charles Hall, Ellis Clark* and *Abraham Weinlood,* all of Hutchinson, for the appellants.

*Ezra Branine, Alden E. Branine, Fred Ice* and *Vernon A. Stroberg,* all of Newton, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This was an action by a judgment creditor of P. L. Hale to set aside a quitclaim deed he and his wife had made in favor of their son, P. L. Hale, Jr. The cause of action alleged was that the conveyance was fraudulent as against the plaintiff.

It appears that on February 4, 1937, plaintiff filed an action in the district court of Reno county against P. L. Hale and Emaline F. Hale to recover on three promissory notes executed by them. On April 15, 1937, judgment for $2,400.35 and interest and costs was rendered in favor of plaintiff. Execution issued on the judgment on June 5, 1937, was returned by the sheriff of Reno county unsatisfied.

During the pendency of the action in the Reno county district court, the defendants were the owners of an undivided one-sixth interest in two eighty-acre tracts of land in 6-24-3 W. in Harvey county; and on March 11, 1937, they executed a quitclaim deed to that realty to their son P. L. Hale, Jr., which deed was acknowledged and recorded the same day.

Plaintiff's petition pleaded the matters set out above, and alleged that the deed was made without consideration and void, that the equitable title was in defendants P. L. Hale and wife, and that the deed should be set aside and the property made subject to execution for the satisfaction of their judgment indebtedness.

Defendants Hale and wife answered with a general denial and certain admissions, and alleged that the quitclaim deed to their son, P. L. Hale, Jr., had been made for a valid consideration, that they had been jointly indebted to him for moneys loaned to them under parol agreements, to wit, $800 in February, 1936, and $520 in May of the same year, being a total sum of $1,320, and that their conveyance was made in full payment therefor.

The answer of P. L. Hale, Jr., was in accord with that of his parents.

The cause was tried by the court. Oral evidence and other evidence was adduced by the parties. The trial court made findings of fact, the gist of which reads:

"That at no time did P. L. Hale, Jr., ever loan his father the sum of $520

or the sum of $800 or any other substantial sum of money, as said P. L. Hale, Jr., had never accumulated that sum of money during the time he was attending high school and teacher's college, . . . and therefore he was never indebted to his son in the sum of $1,320.

"8. That the quitclaim deed from P. L. Hale and Emaline F. Hale to P. L. Hale, Jr., was without consideration and made for the purpose of hindering, delaying and defrauding the creditors of said P. L. Hale and Emaline F. Hale."

Judgment was accordingly rendered for plaintiff, cancelling and setting aside the quitclaim deed from the judgment debtors to their son. It was further ordered that plaintiff was entitled to have execution issue and levy made on the judgment debtors' interest in the property to satisfy that judgment and also to satisfy the costs in the instant case.

Defendants appeal, arguing certain errors the first of which is that the action was improperly brought in Harvey county because defendants were residents of Reno county, and summons was had on them in that county. But the civil code provides that, subject to exceptions not here pertinent, actions for the determination of any right or interest in real property or to bar any defendant therefrom must be brought in the county where the property is situated. (G. S. 1935, 60-501; *Wells v. Higgins,* 144 Kan. 155, 58 P. 2d 1097; *Smith v. Miller,* 147 Kan. 40, 75 P. 2d 273.) It is argued, however, that this action was based on alleged fraud. True enough, but the relief sought was to get rid of the consequence of that fraud—the cluttering of the record by the fraudulent deed to the Harvey county land and to bar the defendant grantee therefrom.

It is also argued that plaintiff's petition contained no allegation that an abstract of the Reno county judgment had been filed for record in Harvey county. Nothing in the civil code intimates that such formality is a prerequisite to the statement of a cause of action to set aside a fraudulent conveyance. The contention that the action was improperly brought in Harvey county cannot be sustained.

The next contention is that the judgment is not supported by the findings of fact. On this point it is argued that the evidence did not show that an execution had ever been issued on the Reno county judgment and returned unsatisfied. Plaintiff did allege that an execution had been issued on the judgment and it had been returned unsatisfied. And while that allegation was traversed under their general denial, when defendants submitted requested findings of fact they asked no specific finding on that issue. While the return of an

unsatisfied execution has probative force on an issue of insolvency, and is ordinarily the most feasible method of proving insolvency, yet it is only one method of proving the insolvency of the grantor in an action to set aside a fraudulent conveyance. That fact may be otherwise proved than by the return of an execution *"nulla bona."* (*Achorn v. Parker,* 145 Kan. 854, 857, 67 P. 2d 561.) See, also, "Fraudulent Conveyances in Kansas" in 8 J. K. B. 360. Here the evidence and, indeed, the testimony of P. L. Hale himself, showed that at the time the quitclaim deed was made to their son, he and his wife owned very little "but personal property which was mortgaged to practically its full value," and that his wife owned only her inherited interest in her father's estate "which was the property included in the quitclaim deed." Thus the insolvency of the grantors was clearly established and proof that an execution had been returned unsatisfied, if such was lacking, was immaterial.

It is next contended that the court erred in admitting evidence to prove the insolvency of the grantors of the quitclaim deed. This point is simply a restatement of the one just disposed of, that insolvency can only be proved by the return of an unsatisfied execution—a doctrine which has long been rejected in Kansas law. (*Taylor v. Stone & Lime Co.,* 38 Kan. 547, 16 Pac. 751; *Metzger v. Burnett,* 5 Kan. App. 374, 48 Pac. 599; *Bank v. Creek,* 101 Kan. 552, 167 Pac. 1053; *Benson v. Altenburg,* 124 Kan. 296, 259 Pac. 791; *Federal Land Bank v. Tawzer,* 129 Kan. 93, 281 Pac. 904.)

Two other objections to the judgment are urged—that defendants' demurrer to plaintiff's evidence was erroneously overruled, and that the trial court's findings of fact were contrary to the evidence. We deem it unnecessary to recapitulate the evidence. Suffice it to say that the credence to be attributed to the evidence pro and con was the responsibility of the trial court. And that part of it which the trial court chose to believe was competent and sufficient to withstand the demurrer and to justify and require the findings of fact as made by the trial court.

The judgment is affirmed.