No. 41,377

Lillian Dee Raynolds, *Appellant*, v. W. A. Row, Billie Row, T. W. Row, Mrs. T. W. Row, *Appellees*.

(339 P. 2d 358)

Opinion filed May 16, 1959.

*Donald C. Vosburgh*, of Fredonia, argued the cause and was on the briefs for appellant.

*T. D. Hampson*, of Fredonia, argued the cause and was on the briefs for appellees.

The opinion of the court was delivered by

Fatzer, J.: This is an appeal from an order of the district court

sustaining defendants' motion to dismiss the action upon the ground that it had no jurisdiction of the subject matter.

The plaintiff, Lillian Dee Raynolds, commenced this action on December 6, 1957, by filing her petition in the district court of Wilson county. Defendants' demurrer thereto was sustained, and on March 20, 1958, plaintiff filed her first amended petition.

The petition, as amended, alleged that plaintiff was a resident of Kansas City, Kansas; that W. A. Row and Billie Row, husband and wife, were residents of Wilson County, Kansas; that T. W. Row and Mrs. T. W. Row, husband and wife, were residents of Wilson County, Kansas, and were the parents of W. A. Row; that for several years prior to 1953 a landlord and tenant relationship had existed between plaintiff and W. A. Row, and during that period W. A. Row became indebted to plaintiff; that on September 21, 1955, plaintiff brought suit in the district court of Wilson county to recover that indebtedness; that judgment for $5,525 was rendered in favor of plaintiff on May 16, 1957, and that execution was issued on the judgment but was returned unsatisfied. The amended petition further alleged:

"4. That on the 21st day of September, 1955, the defendant, W. A. Row, owned the following described real property: N ½ of the SE ¼ of Section 10, Township 26, Range 14E, Woodson County, Kansas. That on the 9th day of December, 1955, W. A. Row joined in by his wife, Billie Row, conveyed the above described real property to his parents, the defendants T. W. Row and Mrs. T. W. Row. That the said conveyance was made for insufficient consideration. That the defendant, W. A. Row, was insolvent at the time of the conveyance. That the defendants, T. W. Row and Mrs. T. W. Row, knew of the pendency of case No. 17395 in the above named court. That said conveyance was made with intent to hinder, delay or defraud creditors and in particular, this creditor, of the said W. A. Row of their just and lawful debts or damages.

"5. That plaintiff demands that said conveyance be annulled.

"WHEREFORE, plaintiff prays judgment that the said conveyance be declared null and void and for the costs of this action. That she be granted whatever further relief that the court in his wisdom might decree."

The defendants, W. A. and Billie Row and T. W. and Mrs. T. W. Row, answered separately, denying all of the material allegations of the amended petition except as to residences of the parties and the existence of the judgment, and alleged that the conveyance of the property referred to therein was made for a valuable consideration and not with the intention to hinder, delay or defraud creditors.

Plaintiff's reply denied each and every allegation of new matter in the answers. After plaintiff had replied, defendants filed a mo-

tion to dismiss the action upon the ground that the district court of Wilson county did not have jurisdiction of the subject matter. The motion was sustained, and plaintiff perfected this appeal.

Plaintiff contends that the action was based upon fraud; that the judgment rendered in her favor would act primarily upon the parties to the fraud (defendants) and only incidentally upon the land in Woodson county, and, therefore, having obtained personal service of summons upon the defendants in Wilson county, the district court of that county had jurisdiction of all the parties to the fraudulent conveyance which was the subject of the action, and that court had jurisdiction to make any necessary orders if so warranted upon the trial of the issues. On the other hand, defendants contend that the action is one for the determination of an interest in land and therefore it must be brought in Woodson county where the land is located. In other words, plaintiff contends the action is transitory, and the defendants claim it is local.

G. S. 1957 Supp., 60-501, provides, in part, as follows:

"Action for the following causes must be brought in the county in which the subject of the action is situated . . . *First*—For the recovery of real property, or of any estate or interest therein . . . or for the determination in any form of any such right or interest, or to bar any defendant therefrom. . . ."

It has been said that not every action growing out of transactions concerning real property is local, and that not every such action comes within the provisions of the statute. Where the decree sought will act upon the person of the defendant, rather than upon the real property, the location of the land indirectly affected is immaterial, and the action is considered to be transitory. It may be brought wherever the defendant may be served with summons. (*Fuller v. Horner*, 69 Kan. 467, 77 Pac. 88; *Railway Co. v. Wynkoop*, 73 Kan. 590, 593, 85 Pac. 595; *Randall v. Ross*, 94 Kan. 708, 713, 147 Pac. 72; *Zane v. Vawter*, 102 Kan. 887, 172 Pac. 37; *Roberts v. Cooter*, No. 41,398 this date decided, 184 Kan. 805, 339 P. 2d 362.) However, if the subject of inquiry is a right or interest in land, and if the judgment in the case will operate directly upon this right or interest, or will determine in any form any such right or interest, or bar any defendant therefrom, then the action is local and comes within the purview of the statute and must be brought in the county where the land is situated (*Martin v. Battey*, 87 Kan. 582, 589, 125 Pac. 88; *Randall v. Ross*, supra, pp. 716, 717; *Black v. Black*, 131 Kan. 154, 289 Pac. 480).

Whether a particular cause of action is transitory or local must be decided upon the characteristics of each case and upon the pleadings and relief sought therein. But the action must be local *or* transitory; it cannot be both (*Randall v. Ross,* supra, p. 716). An examination of the plaintiff's amended petition shows that her cause of action was based upon G. S. 1949, 33-102, which provides that:

"Every gift, grant, or conveyance of lands, tenements, hereditaments, rents, goods or chattels, and every bond, judgment or execution, made or obtained with intend to hinder, delay or defraud creditors of their just and lawful debts or damages, or to defraud or to deceive the person or persons who shall purchase such lands, tenements, hereditaments, rents, goods or chattels, shall be deemed utterly void and of no effect."

The relief which plaintiff seeks is to have the conveyance of the land "annulled" and to have it declared "null and void."

Annul is defined in Black's Law Dictionary (4th Ed.) as follows:

"To reduce to nothing; annihilate; obliterate; to make void or of no effect; to nullify; to abolish; to do away with . . . . To cancel; destroy; abrogate."

Webster's New Twentieth Century Dictionary lists the following as synonymous of "annul": "abolish, repeal, cancel, quash, nullify, revoke, abrogate, reverse, rescind, destroy, set aside, obliterate." "Null" and "void" are terms which are used interchangeably and mean "of no legal or binding force or validity" (66 C. J. S., Null, p. 982).

In view of the allegations of the amended petition and the relief sought, plaintiff's action must be construed to be an action to set aside or cancel a deed upon the ground that it was made to hinder, delay or defraud creditors. It does not seek to compel the defendants to do or undo anything, particularly reconvey the land, but rather seeks to have the effects of the alleged fraudulent conveyance done away with by destroying the legal effect of the instrument by which the land was conveyed to T. W. Row and his wife. Thus, the judgment sought would determine a very vital interest in the land and would result in barring the defendants, Mr. and Mrs. T. W. Row, from claiming ownership of it. The action is therefore local and must be brought in the county in which the land is situated.

In *Howard v. Hale,* 154 Kan. 597, 121 P. 2d 237, it was held:

"An action to set aside a deed to a tract of land on the ground that it was made by judgment debtors to hinder and defraud the plaintiff was properly brought in the county where the land was situated although the defendants were residents of another county." (Syl. ¶ 1.)

In the opinion it was said:

"Defendants appeal, arguing certain errors the first of which is that the action was improperly brought in Harvey county because defendants were residents of Reno county, and summons was had on them in that county. But the civil code provides that, subject to exceptions not here pertinent, actions for the determination of any right or interest in real property or to bar any defendant therefrom must be brought in the county where the property is situated. (Citations.) It is argued, however, that this action was based on alleged fraud. True enough, but the relief sought was to get rid of the consequence of that fraud—the cluttering of the record by the fraudulent deed to the Harvey county land and to bar the defendant grantee therefrom." (l. c. 599.)

This is the exact situation presented in the instant case. In view of G. S. 1949, 60-509, providing that all other actions must be brought in the county where the defendant resides or may be summoned, we think the decision in *Howard v. Hale*, supra, must be interpreted as meaning that not only is the county where the land is situated the proper place to bring the action but that such action is *local* and *must* be brought in that county, since the defendants in that case were not served with process in Harvey county.

Both reason and authority require the holding that plaintiff's action was local and must be brought in the county in which the land is located, that is, Woodson county. This view is in accord with the holdings of a majority of the courts which have been faced with the question (24 Am. Jur., Fraudulent Conveyances, § 197, p. 319; 56 Am. Jur., Venue, § 9, p. 13; Annot: 37 A. L. R. 2d 568-583).

Defendants, by filing their answer before they raised the question of the proper place of trial by motion to dismiss, have not waived their right to have the action tried in Woodson county because the venue provisions of G. S. 1957 Supp., 60-501 are jurisdictional, and jurisdiction of the subject matter cannot be waived by the parties (*Suits v. Mobile Crude Purchasing Co.*, 182 Kan. 310, 314, 321 P. 2d 167, and cases cited therein). The motion to dismiss was properly sustained by the district court of Wilson county.

The judgment is affirmed.