No. 21,067.

HATTIE NEWTON CALDWELL AND LORA NEWTON BARRETT, *Appellants*, v. JULIA NEWTON et al., *Appellees*.

SYLLABUS BY THE COURT.

1. JURISDICTION—*Title to Land in Another State*. The courts of the state where land lies have exclusive jurisdiction of actions, legal or equitable, which directly relate to and affect the title to such land.

2. SAME—*Lands in Another State—Jurisdiction of Kansas Courts—Equitable Relief*. A court of equity of one state that has acquired personal jurisdiction of a defendant may compel performance of contracts to convey land in another state, or enforce trusts as to the same, or grant relief for fraudulently depriving one of the title or evidence of title to land in another state, or to grant other relief arising out of contract, fraud or trust; but an action may not be maintained in this state which involves merely the title and possession of land in another state.

3. SAME—*Partition—Kansas Land—Title and Possession of Land in Another State—Pleadings—Misjoinder*. In an action for the partition of land in Kansas an amended petition was filed making a stranger to the Kansas land a party, upon whom personal service was obtained. As against him it was alleged that plaintiff was owner of land in another state and that the new defendant claimed the title and exclusive right of possession of the land and wrongfully excluded the plaintiff from any possession or right in it. A motion was made by another defendant claiming an interest in the Kansas land to strike from the petition the averments as to the new defendant and the land in another state, and the new defendant demurred to the petition upon the grounds of misjoinder and that a cause of action was not stated against him. The motion and the demurrer were sustained, and upon appeal it is held that they were rightly sustained.

Appeal from Mitchell district court; RICHARD M. PICKLER, judge. Opinion filed February 10, 1917. Affirmed.

*J. W. Tucker, Clark A. Smith,* both of Cawker City, and *N. C. Else,* of Osborne, for the appellants.

*Frank A. Lutz, Amzie E. Jordan,* both of Beloit, and *C. M. Higley,* of Cawker City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by certain heirs of George W. Newton against his widow, Julia Newton, and others, to partition land in Kansas.

On April 5, 1915, Hattie Newton Caldwell and Lora Newton Barrett filed their original petition against Julia Newton, seeking partition of land in Mitchell county, and after the subsequent pleadings of the parties were filed and the issues made up the case was continued several times. In the meantime, and on April 27, 1916, plaintiffs filed an amended petition, which contained additional allegations to the effect that the deceased had owned land in Florida, and that Harry J. Ticknor was claiming exclusive right of possession and title thereto against the plaintiffs and wrongfully excluding them from the possession of the land, but there was no allegation that he claimed any right or interest in the Kansas land. The prayer of the amended petition was that the plaintiffs be adjudged the owners of certain undivided interests in and entitled to the joint possession of all the real estate mentioned and that the same be partitioned, with the exception of the tract in Florida. Ticknor was made a party defendant, and was personally served in Mitchell county. The court sustained a motion by Julia Newton to strike out that portion of the amended petition relating to the Florida land and Ticknor's claim thereto, but overruled her demurrer to the petition; and at the same time sustained a demurrer to the petition by Ticknor, who alleged as grounds therefor that there was an improper joinder of causes of action and that the facts stated were insufficient to constitute a cause of action against him. It does not appear upon which ground the court sustained the demurrer. Plaintiffs appeal from the judgments of the trial court on the motion and demurrer.

It is contended that as Ticknor had been brought into court by personal service in an action in which the plaintiffs were seeking equitable relief they were entitled to have the owner-

ship of the Florida land determined in the action, and, if the facts warranted it, to a decree requiring Ticknor to convey the Florida land to the plaintiffs. The motion and the demurrer raise substantially the same question, and that is: whether or not the averments in the plaintiffs' petition entitled them to ask any relief against Ticknor in the present action. It is true the action was for the partition of Kansas land, and equitable relief was asked against the widow and the administrator of the Newton estate, but Ticknor has no interest in that land and no concern as to the partition of the same among others. It is conceded that a court of equity which has acquired jurisdiction of a party who holds or claims title to land in another state may determine, equities in such land of a character that may be enforced by process operating against the defendant and not against the land. The transfer and disposition of land are governed by the law of the state in which it is situated, and a decree of a court or a deed made in pursuance of such decree, except by the party in whom the title is vested, is of no force or effect outside of the jurisdiction of the court rendering it. (*Watkins v. Holman et al.,* 41 U. S. 25; *Northern Indiana Railroad Co. v. Michigan Central Railroad Co.,* 56 U. S. 233; *Corbett v. Nutt,* 77 U. S. 464; *Davis v. Headley,* 22 N. J. Eq. 115.)

It is well settled that actions involving title and possession of real property are local in character and can be tried only in the state wherein the land lies, but it is equally well settled that, jurisdiction having been acquired, equitable relief may be afforded without regard to the location of the subject matter where it is enforceable against the person of the defendant. (*Gordon v. Munn,* 81 Kan. 537, 106 Pac. 286; *Bank v. Miller,* 85 Kan. 272, 116 Pac. 884; *Meador v. Manlove,* 97 Kan. 706, 156 Pac. 731; *Fall v. Eastin,* 215 U. S. 1.) Cases for such equitable intervention were stated by Chief Justice Marshall in *Massie v. Watts,* 10 U. S. 148, where he said:

"But where the question changes its character, where the defendant in the original action is liable to the plaintiff, either in consequence of contract, or as trustee, or as the holder of a legal title acquired by any species of *mala fides* practiced on the plaintiff, the principles of equity give a court jurisdiction wherever the person may be found, and the circumstance, that a question of title may be involved in the inquiry, and may even constitute the essential point on which the case depends, does not seem sufficient to arrest that jurisdiction." (p. 158.)

No cognizable equities of the character designated are set forth by the plaintiffs against Ticknor. It was not alleged that there was any contract involved for which enforcement was asked, nor any averment indicating that there was a trust to be executed, and no fraud is charged upon which relief might be founded. The only question involved in this proceeding against Ticknor is the title and right of possession to lands in Florida. As to him the plaintiffs allege that they are the owners of the land, and that he claims the title and exclusive right of possession to the same and wrongfully excludes them from any possession or rights in the land. The averments are appropriate to a local action of ejectment triable by a jury in the jurisdiction where the land lies.

In a case note in 69 L. R. A. 673, wherein many authorities bearing upon this question are collated, it is said:

"It follows that a court of equity of one state or country will not assume jurisdiction of a suit that in its essence involves merely the title or possession of land in another, and presents no ground of equitable intervention. In other words, if the action is one which, if it related to real property within the territorial jurisdiction, would be at law, and not in equity, a court of equity will not assume jurisdiction merely because, the property being beyond the territorial jurisdiction, a court of law can not entertain an action in respect of it." (p. 675. See, also, Note, 23 L. R. A., n. s., 924.)

The averments as to Ticknor had no place in the action for the partition of land in Kansas in which he had no interest, and they did not state a cause of action against him triable in this state.

The judgment is affirmed.