No. 22,398.

IDA M. HARWI, *Appellee*, v. P. MORTON, C. W. WEAVER and A. N. ANDERSON, Partners as the MORTON REAL ESTATE AGENCY, *Appellants*.

### SYLLABUS BY THE COURT.

1. CONTRACT—*Between Real-estate Broker and Purchaser—Money Advanced to Broker on Contract Price—Owner Refused to Sell—Broker Liable to Purchaser for Money Advanced.* Real-estate brokers entered into a written contract with a proposed purchaser to secure a sale of property at a price and upon terms that were stated, in which contract the name of the owner was not disclosed. The proposed purchaser advanced to the brokers a payment as part of the purchase price of the property, but the owner declined to convey the property or enter into a contract of sale with the purchaser, and the brokers refused to refund to the proposed purchaser the advanced payment which they had received. *Held,* that they were liable to the proposed purchaser for the payment made to them.

2. SAME—*Free from Ambiguity.* The written contract is held to be free from ambiguity, and no error was committed in excluding testimony as to the intent of the parties in making it.

3. SAME—*Unnecessary Party Defendant.* In bringing an action to recover the advanced payment, it was not essential that the plaintiff should make the owner of the property a party defendant.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed January 10, 1920. Affirmed.

*Arthur F. McCarty,* of Salina, for the appellants.

*David Ritchie,* of Salina, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Ida M. Harwi brought this action against the defendants, who were conducting a partnership business under the name of the Morton Real Estate Agency, to recover $500, the amount advanced by her upon a purchase of property in Salina, which defendants had undertaken to negotiate, but which was never completed. The plaintiff was awarded a judgment for the amount paid, and the defendants appeal.

A brief outline of the facts are, that the defendants induced the plaintiff to enter into an agreement for the purchase of the property, which is as follows:

"Received of Ida M. Harwi $500.00 to apply on purchase price of $4000.00 for No. 110 S. Front St., Salina, Kansas. Bal. of $3,500.00 to be paid as follows $900.00 cash on approving of title and the remaining $2,600.00 will be arranged in a reasonable manner between seller and purchaser, purchaser to receive with the house the window shades, gas range, gas plate, all 1917 taxes to be paid. Possession to be given within 30 days from time of payment of the cash. Bal. completing deal or as soon thereafter as possible. Wall paper now purchased to go with house. Purchaser agrees to complete deal on approving of title. All plumbing fixtures and light fixtures that are there now shall remain.

"(Agent) MORTON REAL ESTATE AGENCY.
"IDA M. HARWI."

The $500 mentioned was paid to the defendants, but the owner of the land declined to sell the property, saying in a letter written shortly afterwards to the plaintiff:

"I find that in endeavoring to make the sale of my property to you that Mr. Morton did not state truthfully how much he was obtaining from you for the property, and for that and other reasons which are unnecessary to explain, I have concluded not to carry out the alleged contract that Mr. Morton attempted to make with you."

The plaintiff then demanded the money advanced as a payment on the land, and, although clearly entitled to it, payment was refused. It is contended by defendants that the court erred in denying their motion to bring in an additional party defendant, namely, Barrington, the owner of the land. There is no error in this respect. Plaintiff's agreement was made with the defendants and in their names. The owner's name was not disclosed in the writing. She dealt with them alone, and, although the signature of the defendants was preceded by the word "agent," it was still their agreement with the plaintiff. The payment was advanced to them on the theory that they would produce a seller or secure the consent of the seller at the price and on the terms stated in the agreement, and when they failed to do so they became liable for the money advanced as a payment on the property contracted for. It has been decided:

"Where persons enter into a written contract, assuming to act as agents for another, and receive money to be paid to the principal as part of the consideration but which is retained in their hands, and the principal refuses to be bound by the contract, an action may be maintained against them for money had and received to the use of the person from whom they received it." (*Simmonds v. Long*, 80 Kan. 155, syl. ¶ 1, 101 Pac. 1070.)

She might have made Barrington a party to the action, since it appears that $100 of the advanced payment had been placed in his hands, but she was not compelled to become involved in a litigation between Barrington and defendants to determine whether they were entitled to a commission for finding a purchaser. The owner had refused to sanction the sale which they made, and when he failed to enter into a contract with plaintiff or to convey the land to her in accordance with the agreement, the money paid to defendants with whom she dealt should have been promptly repaid to her. She was under no obligation to await the result of a controversy between the owner and the defendants as to the terms of their agreement with him or their right to a commission from him. The fact that they may be entitled to a commission, if it be a fact, does not relieve them from liability to her for the money which they took from her as a payment on property, the sale of which they undertook to secure. It was through no fault of hers that the sale was not completed, as she was ready and willing to take and pay for it on the terms of the agreement. The terms of the agreement, as may be seen, are clear and free from ambiguity, and no error was committed in excluding testimony as to its meaning or the intent of the parties in making it.

There is nothing substantial in the objections to the refusal of the court to require the plaintiff to make her petition more definite and certain, nor in giving judgment for plaintiff.

Judgment affirmed.