No. 23,511.

THE DOUGLASS HOSPITAL AND TRAINING SCHOOL FOR NURSES, *Appellant*, v. G. A. WHITE, *Appellee*.

SYLLABUS BY THE COURT.

1. FORECLOSURE OF TAX LIEN—*Publication Service on Unknown Devisees of Deceased Landowners.* In an action to foreclose tax liens under sections 11476-11482 of the General Statutes of 1915, service by publication may be made on the unknown devisees of deceased landowners.

2. SAME—*Judgment—Collateral Attack.* A judgment against the unknown devisees of a deceased landowner, rendered on service by publication in an action to foreclose tax liens under sections 11476-11482 of the General Statutes of 1915, cannot be collaterally attacked on the ground that the devisees were in the county when the action was commenced and were in possession of the land.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed February 11, 1922. Affirmed.

*I. F. Bradley,* and *I. F. Bradley, jr.,* both of Kansas City, for the appellant.
*James F. Getty,* and *Frank L. Bates,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action in ejectment. Judgment was rendered in favor of the defendant for the possession of the property and for $247.66 rent during the time that the plaintiff deprived the defendant of possession. The plaintiff appeals.

The plaintiff, a corporation organized under the laws of the state of Kansas, holds as devisee under the will of Abraham Grant, who owned the property and who died in possession of it. His will was probated in Wyandotte county on January 27, 1911. The defendant holds under a sheriff's deed issued on a sale of the property under a judgment foreclosing tax liens held by Wyandotte county for the taxes of the year 1916 and several years prior thereto. (Gen. Stat. 1915, §§ 11476-11482.) The petition in the foreclosure action was filed August 14, 1917; service by publication was made on Abraham Grant and upon his unknown heirs, executors, administrators, devisees, trustees, successors, and assigns; judgment was rendered November 21, 1917; the property was sold January 21, 1918; the sale was confirmed March 16, 1918; and the sheriff's deed was executed March 28, 1918, and was recorded April 1, 1918. Although by tenant occupying the property in controversy at the time the foreclosure action was commenced, this plaintiff by name was not a party to it. On June 21, 1919, a writ of assistance was

ordered in the foreclosure action, and thereunder the ·plaintiff's tenant was afterward put off the property, and the defendant was put into the possession thereof. On July 24, 1918, within six months after the execution of the deed in the foreclosure action, the plaintiff filed its motion to set aside and hold for nought that judgment on the ground that it had been rendered on service by publication and that the plaintiff had no actual notice of the pendency of the suit until after the return of the execution issued upon the judgment. Notice of the motion was given as required in section 83 of the code of civil procedure, and an affidavit was filed showing that during the pendency of the action the plaintiff had no notice thereof in time to appear in court and make its defense. An answer was also filed in which the plaintiff set up its title to the property and tendered the taxes with twelve per cent interest thereon from the date of the sale and offered to pay any additional amount that the court might find to be due. The motion to set aside the judgment was presented, but was not disposed of by the court and is still pending. In the present action the court instructed the jury to return a verdict in favor of the defendant for the possession of the property but submitted to the jury the question of the amount of rent due the defendant on account of his being deprived of the possession of the property by the plaintiff.

1. To show that the judgment is void, the plaintiff in effect argues that service by publication cannot be made on unknown devisees under section 11476 of the General Statutes of 1915, which provides that—

"If the defendants or either of them are nonresidents, service may be made by publication, when there is filed with the clerk an affidavit that such defendants to be served are nonresidents of the state, or that the plaintiff with due diligence is unable to make personal service of summons upon said defendant or defendants."

Section 48 of the code of civil procedure provides that an action "for the sale of real property under a mortgage, lien or other incumbrance or charge" must be brought in the county where the land is situated. Section 78 of the code provides that service by publication may be made in actions brought under section 48 of the code. Section 79 of the code provides for service by publication against unknown devisees.

An action to foreclose a tax lien comes strictly within the language of section 48 of the code, and the provisions of the code

govern such an action except as the law for foreclosure of tax liens may otherwise prescribe. The provisions of the code do not conflict with any part of the law providing for the foreclosure of tax liens, nor prescribe a different procedure therefor. The tax lien foreclosure law (Gen. Stat. 1915, §§ 11476-11482) does not provide for service by publication on unknown devisees, but the code of civil procedure does. It was proper to name the unknown devisees of Abraham Grant as parties to the foreclosure action, and they were bound by the judgment that was rendered (Gen. Stat. 1915, § 11479) unless it should be set aside in a direct proceeding instituted for that purpose.

2. It is argued that the judgment in the foreclosure action is void and that the sheriff's deed did not convey title to the defendant because the plaintiff was not named as a party defendant, because personal service could have been made on it in Wyandotte county, and because statements contained in the affidavit for publication notice were false in this, that the attorney for the plaintiff in that action, by an examination of the records in the probate court, could have ascertained that the plaintiff in this action was the owner of the property and by inquiry could have learned that the plaintiff was in possession thereof by its tenant. If the plaintiff is correct in its contention that the judgment is void, that fact may be shown in this action; but, if the judgment is only voidable, this action cannot be successfully maintained because it constitutes a collateral attack on the judgment. The plaintiff, under the description of unknown devisees of Abraham Grant, was a party to the action. Although service of summons might have been made on the plaintiff in Wyandotte county and the affidavit for publication notice was incorrect in its statement that service of summons could not be made on the plaintiff in that county, the judgment is not void.

In *Davis v. Land Co.*, 76 Kan. 27, 90 Pac. 766, this court said:

"A decree quieting title to real estate, where the only service upon the defendants is made constructively as provided by the statute for non-residents of the state, is not void because the grounds stated in the affidavit are untrue." (Syl. ¶ 1.)

In *Duphorne v. Moore*, 82 Kan. 159, 107 Pac. 791, this court used the following language:

"A judgment based upon a willfully false affidavit for service by publication is not absolutely void." (Syl. ¶ 1.)

Ness County v. Light & Ice Co.

The judgment is not void. The plaintiff might have avoided it by a proper proceeding. Such a proceeding was the one which the plaintiff commenced when it filed its motion to set aside the judgment; but, because the motion has not been passed on and there has been no appeal therefrom, the questions presented thereby cannot now be determined by this court.

What has been said disposes of all questions argued.

The judgment is affirmed.