No. 24,004.

John B. Moore, *Appellant,* v. Richard J. Hopkins et al., *Appellees.*

SYLLABUS BY THE COURT.

Title to Real Estate—*Local Action—Change of Venue to Another County—Jurisdiction.* In a local action to determine the title to real estate or any interest therein a change of venue may be granted for good cause shown, to the court of another county, and when so transferred that court has full jurisdiction to adjudicate the issues in the case.

Appeal from Grant district court; Daniel A. Banta, judge *pro tem.* Opinion filed December 9, 1922. Affirmed.

*Israel Moore,* of Ulysses, for the appellant.
*Edgar Foster,* and *Horace Foster,* both of Garden City, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.:  This proceeding was brought by John B. Moore, to annul a judgment foreclosing a mortgage given by him to the defendants upon land in Grant county. On a demurrer to the petition the court ruled against the contention of the plaintiff, and he appeals.

The only question presented upon the appeal is as to the validity of the judgment of foreclosure and of the order confirming a sale made under the judgment. Plaintiff's contention is that the judg-

ment and order are void because rendered by the district court of Kearny county, whereas the land upon which the judgment operated was situated in Grant county. The action in which the foreclosure was decreed was brought in Grant county where the mortgaged land is situated, but on an application for a change of venue the case was transferred to the district court of Kearny county, The question presented then is, Did that court acquire jurisdiction of the case by the change of venue or can the venue of a local action affecting an interest in or title to land be changed to a county other than that in which the land is situated? The statutes relating to venue determine the question. The legislature has provided that a local action affecting the title to land or an interest in it shall be brought in the county in which the subject of the action is situate. (Gen. Stat. 1915, § 6938.) The foreclosure proceeding is of course a local action and it was brought in Grant county in conformity with the statutory requirement. But must such a case be tried only in the county in which it is properly brought? It will be observed our statute does not, as do those of some states, require that the action shall be tried in the county where the land lies, but only that it shall be brought there. We have another statutory provision affecting venue, and one equally as obligatory as the one referred to. It is that in all cases a change of venue must be granted where it is shown that a fair trial cannot be had in the county where the suit is pending, or where other statutory grounds for a change are shown to exist. (Gen. Stat. 1915, § 6947.) This provision follows the ones which fix the venue of all civil cases, and instead of making an exception of local actions it specifically provides that a change may be had for good cause shown in all civil actions. It is not suggested that the provision for a change conflicts with any constitutional limitation nor that there is any lack of power in the legislature to prescribe that the venue of actions properly begun may be changed and the case tried in a county other than where it was brought. Manifestly the legislature intended that a case should not be tried in a county where either party could not have a fair trial nor before a disqualified judge. It is said to have been the legislative purpose that one dealing in land should not be required to inquire as to the title thereto outside of the county in which it lies. Under our system of registration a record of the title or of anything affecting the title to land is kept in the county where the land is situated. To further

this purpose the legislature made the requirement that suits relating to interest in lands should be brought in the county where it lies. One purchasing or contracting for an interest in land may by an examination of the records in that county obtain notice of any instrument or of any judicial proceeding relating to the title to the land. Now an examination of the records in the office of the clerk of the district court of Grant county would have disclosed that a foreclosure action had been brought in Grant county and would also have disclosed that it had been transferred by a change of venue to Kearny county, and anyone having this notice could then have ascertained in Kearny county the nature of any judgment rendered there. The question of jurisdiction, however, depends upon the statutory provision and, as we have seen, the legislature did not provide that a case affecting real estate must be tried in the county where it lies, but only that it shall be commenced there. The provision that the venue of the case might be changed to another county gives the court to which it is transferred jurisdiction to adjudicate the issues as completely as the court in which the case was brought could have done if no change had been made. In *Hazen v. Webb*, 65 Kan. 38, 68 Pac. 1096, it was in effect decided that a change of venue can be had in a local action of this kind, and that when the venue is changed the court to which it is removed acquires full jurisdiction and may render any judgment which the court in which it originated could have rendered. It has been held that even a constitutional provision to the effect that a case for the recovery of land shall be brought in the county where it lies does not prevent a change of venue authorized by statute, and that the provision fixing the place in which it shall be brought does not imply that it shall be tried there. (*Hancock v. Burton*, 61 Cal. 70.) To the same effect is *Duffy v. Duffy*, 104 Cal. 602. See, also, *Campau v. Dewey*, 9 Mich. 381; 40 Cyc. 120. In a note in Ann Cas. 1912 B, 534, it is said that the above holding is supported by all the authorities.

The cases which counsel for plaintiff cites and on which he relies, *Neal v. Reynolds*, 38 Kan. 432, 16 Pac. 785, and *Martin v. Battey*, 87 Kan. 582, 125 Pac. 88, do not sustain his contention. They refer to a lack of jurisdiction in local actions which have been brought in a county other than where the land is situated. When so brought that court is of course without jurisdiction to render judgment or make any order other than for a dismissal of

the proceeding. The question of whether a case properly brought can be transferred to another county by a change of venue in compliance with the statute regulating changes of venue was not considered.

Judgment affirmed.