No. 24,217.

THE BOARD OF COUNTY COMMISSIONERS OF WYANDOTTE COUNTY et al., *Appellees, v.* CORYDON KERR (THE DOUGLASS HOSPITAL AND TRAINING SCHOOL FOR NURSES, *Appellant*).

SYLLABUS BY THE COURT.

JUDGMENT—*Foreclosure of Tax Lien—Service by Publication—Application to Open up Judgment—Insufficient Application.* In order to open a judgment, rendered on service by publication, foreclosing tax liens on real property under sections 11476-11482 of the General Statutes of 1915, the owner, who was not named as a party to the action but who was included in the description, "the unknown heirs, executors, administrators, devisees, trustees, successors, and assigns," must, in his answer, allege a defense to the action. The sheriff's sale under such a judgment will not be set aside on the application of the owner unless he shows that before the sale he paid or tendered to the clerk or sheriff the amount of the tax lien as determined by the judgment, with interest on the amount of the lien, and apportioned costs.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed December 9, 1922. Affirmed.

*I. F. Bradley,* and *I. F. Bradley, jr.,* both of Kansas City, for the appellant.
*James F. Getty,* and *Frank L. Bates,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This case is connected with No. 23,511, *The Douglass Hospital and Training School for Nurses v. G. A. White,* reported in 110 Kan. 498, 204 Pac. 688, and *post,* p. 465, under the title of *Training School v. White.* The facts are shown in those opinions, and it is not necessary to restate them.

One of the questions for determination is: Was the answer of the Hospital and Training School in the foreclosure action sufficient? White and the board of county commissioners contend that it was

not. The statute which permits a defendant served by publication to open up a judgment is section 83 of the code of civil procedure, and in part reads:

"A party against whom a judgment or order has been rendered, without other service than publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and to make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; but the title to any property, the subject of the judgment or order sought to be opened, which by it, or in consequence of it, shall have passed to a purchaser in good faith, shall, after expiration of six months, not be affected by any proceedings under this section." (Gen. Stat. 1915, § 6974.)

The statute providing for redemption of real property from a judgment foreclosing a tax lien reads as follows:

"Any person interested in said land, lot or piece of real estate as owner or mortgagee may, before the day of sale hereinafter provided for, pay to the clerk or sheriff holding the order of sale the amount of the lien as determined by the order and judgment of the court, with interest thereon at twelve per cent from the date of judgment, with a proportionate share of all cost and accrued costs, which payment shall be a full satisfaction and redemption of such land, lot or piece of real estate from the lien fixed by the order and judgment of the court and stay all further proceedings for the collection of such lien as against the particular land, lot or piece of real estate so redeemed; and the treasurer of the county, upon presentation of a certificate from the clerk of the district court showing such payment, shall, on payment to him of all taxes due by reason of subsequent levies, not included in the decree and judgment of the court, issue a certificate of redemption therefor. (Gen. Stat. 1915, § 11478.)

Probably the only defenses that can be set up in an action to foreclose tax liens held by a county are that the property was not subject to taxation; that the taxes, or some part of them, were illegal; or that the taxes had been paid. It may be conceded that, under section 11478 of the General Statutes of 1915, the property owner has the right to pay to the clerk or sheriff the amount of the lien as determined by the judgment with interest and apportioned costs, and that if the clerk or sheriff refuses to accept that amount if tendered, the sale will be set aside and the property be redeemed. However, under the statute, that must be done before the sale. The answer tendered the taxes, interest and costs, at the time it was filed, but did not allege that they had been tendered to the clerk or

the sheriff before the sale. Nothing was alleged that would have defeated the foreclosure action or any part of the taxes on which that action was based or that would have prevented the sale. The answer was not sufficient to compel the trial court to open the judgment and let the Hospital and Training School defend. In *Williams v. Kiowa County*, 74 Kan. 693, 88 Pac. 70, an action to foreclose tax liens, this court said:

"An answer filed in connection with an application to open a judgment rendered without other service than by publication must be full and complete as a pleading by the defendant in the cause. It need not present a defense coëxtensive with the entire demand, or with every demand, of the petition, but whatever defense it proposes must be complete and perfect in the sense of fully overcoming the portions of the plaintiff's claim against which it is directed; and it must subvert sufficient of the cause of action set forth in the petition to make it worthy of consideration in the doing of substantial justice between the parties." (Syl. ¶ 1.)

This disposes of the case and makes it unnecessary to pass on the other question presented.

The judgment is affirmed.