No. 27,083.

Irvin Kihn, *Appellant,* v. The Citizens State Bank of Claflin et al., *Appellees.*

### SYLLABUS BY THE COURT.

Cancellation of Instruments—*Contract for Sale of Real Estate—Venue— Summons—Pleading—Misjoinder of Causes.* The proceedings considered in an action for cancellation of a contract of sale of real estate situated in Barton county and for other relief, commenced in Ellsworth county, against the vendor who resided and was served with summons in Barton county, and against other defendants who resided and were served in Ellsworth county, and *held,* the vendor's motion to quash service of summons upon it was properly sustained, and demurrers of the other defendants to the petition on the ground facts sufficient to constitute a cause of action were not stated and several causes of action were improperly joined, were properly sustained.

Appeal from Ellsworth district court; Dallas Grover, judge. Opinion filed January 8, 1927. Affirmed.

*O. A. Wilson,* of Jetmore, for the appellant.

*R. C. Russell,* of Great Bend, and *Samuel E. Bartlett,* of Ellsworth, for the appellees.

The opinion of the court was delivered by

Burch, J.: The action was commenced by the vendee of real estate against the vendor, to cancel the contract of sale, to recover a cash payment made on the contract, and to recover damages for its breach. A bank and its cashier, alleged to be agents of the vendor, were joined as parties defendant, and relief against them was prayed for. The vendor was a resident of Barton county, and the land was situated in Barton county. The agents were residents of Ellsworth county, and the action was commenced in Ellsworth county. The vendor's motion to quash service of summons made upon it in Barton county was sustained, and demurrers to the petition filed by the agents were sustained. The grounds of demurrer were that several causes of action were improperly joined, and the petition failed to state facts sufficient to constitute a cause of action. Plaintiff appeals.

The Citizens State Bank of Claflin owned the land, and sold it to plaintiff for $13,000. The contract was dated July 6, 1925, and acknowledged receipt of payment of $1,000. The remainder of the

Agency, 2 C. J. p. 822 n. 48.  Cancellation of Instruments, 9 C. J. p. 1231 n. 73.

price was to be paid on or before August 1, 1925, at the First National Bank of Holyrood, in Ellsworth county. The vendor agreed to deposit an abstract showing clear title and a deed to plaintiff with the First National Bank, to be delivered to plaintiff on payment of the remainder of the purchase price, and plaintiff was to receive possession of the land on or before August 1, 1925. J. D. Stevenson was cashier of the First National Bank, and was agent of the Southwest Mortgage Company. Plaintiff executed a promissory note for $4,000 and a mortgage on the land securing the note, in favor of the mortgage company, and delivered them to Stevenson. The mortgage was recorded in Barton county. By means of the note and mortgage, Stevenson obtained from the mortgage company the sum of $4,000, which was in the custody of the First National Bank when the action was commenced. The inference from the allegation of means by which Stevenson obtained this money is that he delivered the note and mortgage to his principal, the mortgage company, and there is no allegation in the petition that the instruments were within the jurisdiction of the court when the action was commenced. Plaintiff alleged he was induced to execute and deliver the note and mortgage by false representations of the Citizens bank and its agents, that the title of the Citizens bank to the real estate was good, when in fact the title was not good. The petition also alleged that, when the contract was executed, Stevenson, as cashier of the First National Bank, charged plaintiff's account with the sum of $1,000, but that plaintiff was informed and believed the money remained in the control of Stevenson and the First National Bank. Breach of the contract of sale by the vendor was alleged, damages in the sum of $1,700 by reason of the breach of contract was alleged, and the petition concluded with the following prayer:

"Wherefore, plaintiff prays judgment against the defendants and each of them, for money. had and received in the sum of $1,000, with interest thereon from July 1, 1925, at the rate of six per cent per annum, and for the sum of $1,700 as damages sustained; that the note executed and delivered by plaintiff to the defendant, J. D. Stevenson, as agent for the Southwest Mortgage Company, in the sum of $4,000, together with the mortgage securing it, be canceled, released and returned to plaintiff; that said contract herein referred to be canceled, and for such other and further relief, either in law or in equity, as to the court shall seem just and proper."

The Southwest Mortgage Company was not made a party to the action. Application of the $4,000 to payment of the mortgage com-

pany's note and mortgage, and cancellation of those instruments, could not be adjudged against the mortgage company, and the prayer for relief against defendants, that the instruments be canceled and returned to plaintiff, was futile.

Plaintiff did not and could not assert that the initial payment of $1,000 was a fund in possession of the First National Bank and Stevenson, but which the Citizens bank claimed. With respect to that item he sued the First National Bank and Stevenson for money had and received. The contract which he accepted stated that payment had been "made and received" of that money. That contract was signed by the Citizens State Bank of Claflin, Kan., by M. Schumacher, its president. The principal, the Citizens bank, acknowledged to plaintiff that the agency of Stevenson and the First National Bank to receive and pay over plaintiff's money had been performed. The money had been accounted for by the agents to their principal before plaintiff had any cause of action to recover it, and under such circumstances the agents are not liable to plaintiff for money had and received to the use of plaintiff, or in any other form of action, so far as the $1,000 item is concerned. (2 C. J., title Agency, § 495, pp. 821, 822.) The cases of *Simmonds v. Long*, 80 Kan. 155, 101 Pac. 1070, and *Harwi v. Morton*, 106 Kan. 87, 186 Pac. 740, have no application, because in each case the principal refused to be bound by the agent's conduct, and the agent was left with money in his hands belonging to the person who paid it.

Stevenson and the First National Bank were not parties to the contract, and did not break it. They are not subject to suit for its cancellation, or to action for damages for its breach.

The result of the foregoing is, the petition failed to state a cause of action against the First National Bank or Stevenson, and without statement of cause of action against them, or one of them, in which the Citizens bank was interested, the Citizens bank could not be brought into the Ellsworth district court by means of summons served in Barton county.

Stevenson and the First National Bank were not interested in cancellation of the contract, in recovery of the initial payment of $1,000 on the contract price, or in the subject of damages for breach of the contract. In no event could the Citizens bank be compelled to litigate those matters in Ellsworth county, unless it were served with summons in Ellsworth county. The Citizens bank was not

interested in the money in the First National Bank obtained from the mortgage company on plaintiff's note and mortgage, and the court was powerless to make an order respecting its disposition having any legal effect. Conceding the First National Bank and Stevenson were interested in disposition of that fund, several causes of action were improperly joined in the petition, and the demurrers on that ground were properly sustained.

Under the heading "Venue," in the article on Cancellation of Instruments in 9 C. J. 1231, appears the following:

"In Kansas it has been held that an action to rescind a contract relating to land is local, and that therefore such action may be brought in a county other that that in which defendant resides. *Neal v. Reynolds*, 38 Kan. 432, 10 Pac. 785." (Note 73 [b].)

This statement expresses a fair inference to be drawn from the commissioner's opinion in *Neal v. Reynolds*, but it does not correctly present the views of the court respecting the subject of venue in suits for cancellation. In the opinion in *Neal v. Reynolds*, 38 Kan. 432, 16 Pac. 785, it was said:

"The action as originally commenced in the district court of Allen county was one to rescind a real-estate contract, whereby the plaintiff in error exchanged real-estate situated in the city of Humboldt, in Allen county, for farming land situated in the state of Missouri. The plaintiff in error (plaintiff below) was a resident of Allen county; the defendants were residents of Lawrence, Douglas county. The exchange had been consummated by the execution of warranty deeds to the property by each of the parties, long before the action was commenced. The action was properly instituted in Allen county, because a part of the property exchanged is situated in that county (Code, § 46), and a summons for the defendants issued to and was served by the sheriff of Douglas county (Code, § 60). . . . The action for the cause alleged in the original petition was local, and it was only by reason of that and that alone, that Reynolds and wife could be compelled to litigate in Allen county, they being residents of Douglas county." (p. 434.)

The commissioner omitted from the statement of facts the allegation of the petition that possession of the Humboldt lots had been given to defendants, and they had been in full enjoyment of the rents and profits for a period of about five years. The result was that, while the action was in form one for rescission of contract, it was in essence one for the recovery of real property. The statement that the action for the cause alleged in the original petition was local, was true, and defendants did not contest venue of the action. But the decision did not commit the court to the doctrine that actions to rescind or cancel real-estate contracts generally are

local. The subject was considered in the case of *Randall v. Ross*, 94 Kan. 708, 147 Pac. 72, in which the distinction was drawn between cases in which the judgment would operate *in personam* only, and cases in which the judgment would operate against the land. The case of *Randall v. Ross* was decided in 1915, and the decision was not available when the Corpus Juris text was prepared. In the case under decision, the action for cancellation was transitory.

The judgment of the district court is affirmed.