No. 29,410.

E. L. BLACK, *Appellee*, v. JOHN BLACK, as Executor, etc., et al., *Appellants*.

(289 Pac. 480.)

Opinion filed July 5, 1930.

*C. L. Foster*, of Sedgwick, *Charles B. Hudson* and *Clyde M. Hudson*, both of Wichita, for the appellants.

*H. W. Hart, Glenn Porter, Enos E. Hook, Edw. H. Jamison, W. G. McDonald, William Keith* and *Lester Wilkinson*, all of Wichita, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: In this case error is assigned in the overruling of a demurrer to the petition, the grounds of it being the failure to state facts sufficient to constitute a cause of action, and misjoinder of causes of action.

The action was commenced by a son of the deceased to set aside the will and codicil of the deceased and also three deeds executed by the deceased to his wife. One of the deeds conveyed the homestead in Harvey county and the other two conveyed two separate tracts of land in Sedgwick county. The action was not commenced until after the death of the wife of the deceased, who was a beneficiary in the will as well as grantee in all three deeds. There were other children and some grandchildren who were made defendants. None of the children except the son John were beneficiaries in the will except for nominal amounts. John was the executor under the separate wills of his father and mother, and it is alleged that the deeds were made to the wife of the deceased so that she might disinherit the plaintiff and bestow all the estate upon John and his children. The plaintiff alleges that he has been deprived of his right of inheritance from the estate of his father by the undue influence of his brother John through a confidential and fiduciary relationship which he sustained with the father, who was of advanced age and mentally incapable of making a will when it and the codicil were executed.

The will was executed August 20, 1926; the codicil, April 20, 1927; the deed to the Harvey county land, August 3, 1926; one of the deeds to Sedgwick county land, August 3, 1926, and the other, July 20, 1927.

The father died October 20, 1928, at the age of ninety years. His will and codicil were probated December 18, 1928. The wife and mother died June 11, 1929, and this action was commenced shortly after her will was probated.

Appellants insist that the petition does not state facts sufficient to constitute a cause of action, urging that instead of stating acts, words and facts, the petition repeatedly uses the terms fraud and fraudulently, and asserts mere conclusions of law about undue influence and feeble-mindedness.

We cannot agree with the appellants in this regard. We can eliminate all such expressions thus criticized and still have sufficient facts stated to constitute a cause of action. The petition stated that prior to the return of the son John to the home the plaintiff enjoyed the affection, esteem and confidence of the father and transacted business with him in a friendly, cordial and satisfactory manner; that John, after his return home, falsely represented to the father that plaintiff had no affection for the father and that

he was not properly farming his land and caring for the improvements thereon; that he was cheating and defrauding the father out of money due him. It alleged that John manifested and pretended to have great interest in the father's business and welfare, and by untruthful statements about the plaintiff and his filial relations and ingratiating himself by such means into the affection of his father wielded an undue influence over the father, then feeble in both mind and body and unable to transact business or understand, appreciate or realize the nature or extent of his acts in executing the will, codicil and deeds, and by such a close, fiduciary and confidential relation procured for himself and children, through the execution of these instruments, an advantage when the father was unable to realize or appreciate who would be the recipients if no will or deeds were made. There are further allegations of intentionally poisoning the mind of the mother against the plaintiff, so that she would bestow her property received from the father upon John and his family.

The prayer of the petition is that the will, codicil and deeds be set aside and held for naught and plaintiff be restored to his rights as an heir at law of his father. We think the petition stated facts sufficient to constitute a cause of action.

As to the misjoinder of causes of action, we are not greatly helped by texts or rulings in other states, because we are controlled by our statute on the subject (R. S. 60-501, 60-502), and, as said in *Jones v. Investment Co.*, 79 Kan. 477, 99 Pac. 1129, "The question is not one of misjoinder of causes of action, but one of venue over disconnected and unrelated subjects of action." If the will and codicil alone had attempted to dispose of the land there would be no question as to the venue being in Harvey county, the residence of the deceased at the time of his death and where his estate is being administered, but the same property that is devised by the will and codicil is the property conveyed by two of the three deeds, and both deeds were executed prior to the execution of the will and codicil. The will disposes of a tract of land in Sedgwick county and the codicil of a tract in Harvey county, both of which tracts had been conveyed by the testator prior to the execution of either will or codicil. The third deed was executed after the execution of both will and codicil, and conveys land located in Sedgwick county not mentioned in either will or codicil, by description. By the terms of the will John and his children are the devisees of the

Sedgwick county property described therein, and by the terms of the codicil a granddaughter and great grandson of the testator are the devisees of the Harvey county property described therein. We have nothing in the petition except the general allegation that John derived the benefit of the estate of his mother, who was the grantee of both of these properties as well as the other Sedgwick county property, not described in either will or codicil. The codicil shows that the great grandson is a son of the granddaughter of the testator, which would be conclusive that he could not be interested as an heir at law in the Sedgwick county property or in any of the other property involved in the estate. So the several causes of action do not arise out of the same transaction and do not affect all of the parties to the action.

"An action which had for its purpose the determination of the interests of the contending parties in several tracts of land and the partition of the same among them is local in character and must be brought in the county in which the land is located." (*Martin v. Battey,* 87 Kan. 582, syl. ¶ 1, 125 Pac. 88.)

It is claimed that actions of this kind can extend to separate tracts of land in other counties unless the question of possession is involved (R. S. 60-502), but where the interest claimed in the land is substantially the same as acquiring possession, and nothing but a writ of possession or an action in partition would be necessary to obtain possession, if plaintiff should be successful in this action, the real interests of all parties differently interested in the different tracts of land should be protected as in a local instead of a transitory action.

"The petition alleged that the defendants (who resided in Neosho county) had fraudulently taken advantage of plaintiff's mental incapacity and induced him to exchange a half section of land in Clark county for certain lots in the city of Ashland and to execute certain notes secured by mortgage on the lots. . . . *Held,* that the action was not to compel the defendants to do or undo anything, but to obtain from the court a decree destroying the effect of the pretended exchange and restoring the plaintiff and his land to that freedom from cloud and apparent liability existing before the transaction with the defendants was had, and was properly brought in Clark county, where the land is situated." (*Randall v. Ross,* 94 Kan. 708, syl., 147 Pac. 72.)

In the opinion of the above case it was said:

"Each case must be decided according to its own characteristics. This one is painfully and perplexingly near the border line between local and transitory actions. A few changes in the pleadings might put it on the other side from the one now properly occupied. But from a fair consideration of the two code

provisions which seem to compel a holding that the action is either local or transitory, and not both, and a practical view of the remedy sought, we are led to the conclusion, in view of the authorities, that the plaintiff, finding himself deprived of the ostensible title to and ownership of his land, and also apparently liable for a debt seemingly secured by mortgage, with the instinctive desire to save his land and avoid such seeming liability, applied to the court to exercise its jurisdiction—not in restoring him to possession, or in compelling the defendants to do or undo anything, but in decreeing away all the effects of the alleged swindle by destroying all legal effect of the instruments which he had been induced to execute, thus leaving him and his land clear from all cloud and embarrassment, as if the exchange had never been made. Essentially, if not formally, this relief consisted in determining a very vital interest in real estate and in barring the defendants from claiming entire ownership thereof.

"The result is that the action, local in character, was rightfully brought in the county where the land is situated." (p. 716.)

The case of *Kihn v. Citizens State Bank*, 122 Kan. 479, 252 Pac. 232, was one for cancellation of a contract of sale of real estate situated in a different county from that in which the action was brought and where some of the defendants resided and were served, and it was held that the vendor's motion to quash the service was properly sustained, and in the opinion it was said:

". . . While the action was in form one for rescission of contract, it was in essence one for the recovery of real property. The statement that the action for the cause alleged in the original petition was local, was true, and defendants did not contest venue of the action. But the decision did not commit the court to the doctrine that actions to rescind or cancel real-estate contracts generally are local. The subject was considered in the case of *Randall v. Ross*, 94 Kan. 708, 147 Pac. 72, in which the distinction was drawn between cases in which the judgment would operate *in personam* only and cases in which the judgment would operate against the land." (p. 482.)

See, also, *Clingman v. Hill*, 104 Kan. 145, 178 Pac. 243; *Hospital Co. v. Philippi*, 82 Kan. 64, 107 Pac. 530; 27 R. C. L. 794.

We conclude that a judgment for the plaintiff in this case would operate against the land and not *in personam* only, and therefore although the action is not, strictly speaking, one for possession of the land, it is local as to the land in Sedgwick county, and the demurrer should be sustained as to the causes of action seeking to set aside the two deeds to Sedgwick county land.

The judgment is affirmed as to the sufficiency of the petition, but reversed as to the misjoinder of the causes of action seeking to set aside the two deeds to Sedgwick county land, and the cause is re-

manded with instructions to sustain the demurrer as to those two causes of action.

· HARVEY, J. (concurring in part, dissenting in part): I concur in the holding of the court that in so far as plaintiff seeks to set aside the two deeds for property situated in Sedgwick county the action should be brought in that county and cannot be maintained in Harvey county.

In so far as the action seeks to set aside the deed of the date of August 3, 1926, by W. G. Black to his wife, Mary E. Black, to real property in Harvey county, it is my judgment that this should not be joined with an action to set aside the will of W. G. Black, and that the demurrer for misjoinder should have been sustained. In view of the fact that the property described in this deed was the homestead of the parties, I do not find allegations in the petition sufficient to state a cause of action to set aside this deed, even if the actions can be joined.

Considering the petition in so far as it attempts to state a cause of action for setting aside the will of W. G. Black, it is my view that the allegations are too general in character and that the demurrer as to that should have been sustained. So far as all the real property is concerned, it was the will of plaintiff's mother, Mary E. Black, which disposed of the property in a way that deprives plaintiff of an interest therein, and plaintiff makes no complaint of his mother's will.