No. 29,678.

MABEL MELVIN SIMINGTON et al., *Appellees,* v. MATHIL MELVIN CUBBERLY et al., *Appellants.*

(294 Pac. 908.)

Opinion filed January 10, 1931.

C. L. *Harris* and *F. J. Leasure,* both of El Dorado, for the appellees.

K. M. *Geddes,* B. R. *Leydig* and *C. Glenn Morris,* all of El Dorado, for the appellants.

The opinion of the court was delivered by

SMITH, J.: The action is one in partition. One of the defendants filed a motion after the judgment was entered, in which she asked that it be vacated and held void under R. S. 60-3009, which was denied. From the order denying this relief she appealed.

Mabel Melvin Simington filed her action in partition in the district court of Butler county, naming as defendants Martha E. Melvin, her mother; Merle E. Melvin, her brother; and Mathil Melvin Cubberly, her sister, who is appellant in this case, together with various parties who will be noticed later in this opinion. Upon some of these parties she obtained personal service and upon some of them service by publication. She alleged that her father, M. E. Melvin, had died testate in California a short time prior to the filing of the petition and had left a will bequeathing her all the property of which he should die seized and possessed, among which was the real estate partition of which was sought. Upon this will she based her allegation of ownership of an undivided half interest in the property in question. She prayed for and obtained a judgment in partition. Following this order the real estate was sold at partition sale to an innocent purchaser and a stranger to the suit. The sale was confirmed, a deed made to the purchaser and the money brought into court and paid out in accordance with the terms of the judgment. Subsequent to the obtaining of the judgment for partition, but before the money received from the sale had been disbursed in conformity therewith, Mathil Melvin Cubberly, one of the defendants upon whom service had been obtained by publication, and a sister of the plaintiff, filed her motion, in which she set out, among other things, that on the 13th day of July, 1922, in an action then pending in the district court of Marshall county, Iowa, entitled "M. E. Melvin, Plaintiff, vs. Martha E. Melvin, Defendant," a decree was entered divorcing her mother and father, and at the same time a receiver was appointed for their property, which consisted largely of real estate in Iowa and Kansas, for the purpose of disposing of same and paying off the debts of M. E. Melvin, a successor to which receiver, one C. H. Kemler, was made a party defendant to the present suit. She also alleged that this decree provided that all the real estate belonging to her mother and father at the time this divorce decree was entered should be con-

veyed to this receiver; that if said parties refused to convey it, the clerk of this court should do so and that following this decree the land in question in Butler county was conveyed by the clerk of the court to the receiver in that case. She alleged that about the time of the filing of her motion this judgment had not been fully complied with and the receiver was still acting pursuant to it. She alleged further that on August 2, 1927, Martha E. Melvin, one of the defendants in the present case, conveyed to this appellant for valuable consideration an undivided one-half interest in the real estate in question in Butler county, by warranty deed, which deed at the time of filing her motion had been recorded, and was on file in Butler county. She further alleged that on the 13th day of July, 1922, said M. E. Melvin, her father, plaintiff in the action referred to heretofore in Marshall county, Iowa, left the state of Iowa and moved to the state of California and died in that state about the 26th day of November, 1923, as defendant declared, intestate; that after the death of M. E. Melvin there was presented to the superior court of Los Angeles county, California, an instrument alleged to be the last will and testament of M. E. Melvin, which instrument purported to bequeath to plaintiff in this partition suit, Mabel Melvin Simington, all the property of which M. E. Melvin died seized and possessed; that there was immediately instituted by Martha E. Melvin and Mathil Melvin Cubberly in the superior court of Los Angeles county a proceeding to contest this last will and testament; that by the superior court this will was ordered and admitted to probate, and that thereafter contestants appealed from this judgment to the supreme court of California and that the judgment and decree of the superior court was reversed and the case sent back for a new trial, which proceeding was pending and undetermined at the time of filing of the partition suit in question and at the time of filing the motion in question, and that the plaintiff herein, Mabel Melvin Simington, was the respondent in this contest proceeding and had full knowledge and information of all that had transpired there with reference to it. It was further alleged in her motion that Merle E. Melvin, Mathil Melvin Cubberly and Mabel Melvin Simington were the only living children and only heirs of M. E. Melvin and would succeed to all the right, title and interest of the property of M. E. Melvin, after the payments of indebtedness existing against him; that she was not at the time of the filing of her motion and never had been a resi-

dent or citizen of the state of Kansas, and that Mabel Melvin Simington had never been a resident or citizen of the state of Kansas; that no personal service had ever been made upon her in the action in question and that she had never authorized the filing of any pleading of any kind in this action until the filing of the present motion; that she did not learn that she was defendant in this suit in question until long after the third day of April, 1929, that being the day when the judgment in partition was entered. She further alleged that the plaintiff in the suit in question never was in possession of the real estate described in the petition. In her motion she moved the court to annul, cancel, set aside and adjudge wholly void the judgment and decree entered in the suit. When the motion was heard she proved substantially the facts set out therein and stated that the proceeding was one to vacate a void judgment under R. S. 60-3009. The motion was denied, and from the order denying that motion she appeals.

The judgment that was entered on April 3, 1929, showed that the receiver who had been appointed by the district court of Marshall county, Iowa, had been a party to the action and was in court to protect his rights. It shows that it was agreed by all parties in open court that the district court of Butler county should enter judgment in the partition suit and should make allowance for and pay out of the money realized from the sale of the land in question all persons who hold claims against the receiver growing out of the case of *Melvin v. Melvin* in the district court of Marshall county, all of whom were parties to the present suit, and relying on this agreement the receiver did not press his claim that the land had been conveyed to him pursuant to the judgment in that case.

On the hearing of the motion of appellant to vacate this judgment counsel stated that the motion was brought under R. S. 60-3009, which provides for the vacating of void judgments and for nothing else. Therefore, it becomes necessary to examine this judgment for the purpose of ascertaining whether or not it is void.

There are three jurisdictional elements in every valid judgment, namely, "jurisdiction of the subject matter, jurisdiction of the person, and the power or authority to render the particular judgment." (1 Freeman on Judgments, 5th ed. 444.) What one of these elements is lacking here?

As noticed heretofore in this opinion, the action was in partition. R. S. 60-2525 provides:

"Service may be made by publication in either of the following cases: In actions brought under the 48th, 49th and 56th section of this code, where any or all of the defendants reside out of the state, or where the plaintiff with due diligence is unable to make service of summons upon such defendant or defendants within the state . . . ."

The 48th section of the code is R. S. 60-501. That section provides:

"Actions for the following causes must be brought in the county in which the subject of the action is situated, . . . Second: For the partition of real property."

The record in this case discloses, and indeed the motion of appellant admits, that not only she, but many more of the defendants in the case at bar, were not residents of this state. Hence, it will be seen that the case was one in which service by publication was proper. Appellant does not in her motion, or in her brief, attack the sufficiency or regularity of the service in this case in any particular. Does service by publication in actions where that service is proper satisfy the requirement, that to create a valid judgment jurisdiction of the person is necessary? In *Training School v. White,* 110 Kan. 498, 204 Pac. 688, this court upheld a judgment foreclosing a tax lien when service had been had on certain defendants by publication, one of whom subsequent to the entering of judgment brought suit to set aside the judgment, alleging that it was wholly void because service had been made by publication on the unknown devisees of a devisor of the land in question. In *Davis v. Land Co.,* 76 Kan. 27, 90 Pac. 766, this court said:

"A decree quieting title to real estate where the only service upon the defendants is made constructively as provided by the statute for nonresidents of the state is not void because the grounds stated in the affidavit are untrue." (Syl. ¶ 1.)

In *Duphorne v. Moore,* 82 Kan. 159, 107 Pac. 791, this court used the following language:

"A judgment based upon a willfully false affidavit for service by publication is not absolutely void." (Syl. ¶ 1.)

"The plaintiff, under the description of unknown devisees of Abraham Grant, was a party to the action. Although service of summons might have been made on the plaintiff in Wyandotte county and the affidavit for publication notice was incorrect in its statement that service of summons could not be made on the plaintiff in that county, the judgment is not void." (*Training School v. White,* 110 Kan. 498, 500, 204 Pac. 688.)

See, also, *National Bank v. Peters*, 51 Kan. 62, 32 Pac. 637; *Ward v. Benner*, 89 Kan. 369, 131 Pac. 609.

If judgments based upon service by publication where there is even a slight or technical irregularity in some of the steps for obtaining service are held to be not void, much more so ought a judgment to be upheld based upon that form of service where admittedly everything necessary to be done in obtaining the service was done and no attack was made upon it. We have noted the question of service at considerable length on account of the fact that the decisions in this state are that where a judgment has been obtained by default and there is actual notice to the defendant it is as conclusive against him upon all matters admitted by the default as if he had personally appeared and contested. (*Miller v. Miller*, 107 Kan. 505, 192 Pac. 747.) In such cases where the statutes provide that there shall be service by publication we conclude that that service properly obtained has all the binding force and effect of.actual notice, except for the remedy provided in R. S. 60-2530, which was not resorted to in the case at bar.

We conclude that in actions *in rem* where the statutes provide for service by publication, that such service properly obtained meets the requirement that to constitute a valid judgment there must be jurisdiction of the person.

The statute heretofore cited—that is, R. S. 60-501—provides that partition suits shall be brought in the county in which the real estate is located. It is plain that this real estate is located in Butler county. Hence, when the proper allegations were made, as is the case here, the court had jurisdiction of the subject matter of the action and that disposes of the second element necessary for the obtaining of valid judgment, that is, jurisdiction of the subject matter.

As to whether the court has the power to enter the specific judgment or order, we think it unnecessary to cite any authorities in support of the ruling that the district court of Butler county did have power and authority to enter judgment in partition for real estate located in Butler county, when the allegations of the petition were sufficient.

Appellant insists that there are facts set out in her motion which render the judgment void. She called attention to the fact that prior to the filing of this suit Martha E. Melvin had given appellant a deed to her undivided one-half interest in the real estate

in question and that this deed had been put of record. She also urges that the will upon which the plaintiff in the partition suit depended to establish her ownership of an undivided half interest in this property was being contested in California at the time the judgment was entered, and for the district court of Butler county to enter judgment based upon that will is to adjudicate the validity of the will which was being contested at that time in the courts of California. She also urges that defendant, Martha E. Melvin, had been entirely divested of any right, title or interest in this property by the decree of the district court of Marshall county, Iowa, in the case of *Melvin v. Melvin,* and on that account she was no proper party to make admissions in this case as a party defendant and was not entitled to receive any part of the proceeds of the sale thereof. The trouble with her contentions is that they might constitute grounds for defense to the action in partition if they had been properly pleaded in that action, but they do not constitute any reason for holding that the judgment in the present action is void. In *Pattison v. Kansas State Bank,* 121 Kan. 471, 247 Pac. 643, the court held:

"A judgment rendered upon default, where the defendants were duly summoned and the court had acquired jurisdiction of the parties and the subject matter, is binding upon them, and errors, if any were committed, in its decision as to the sufficiency of the pleadings or in its findings upon the facts, must be corrected upon appeal and are not open to collateral review." (Syl. ¶ 1.)

Among other things, the court said:

"Here the court had jurisdiction of the parties and of the subject matter, and the allegations in the petition were sufficient at least to invoke the action and deliberation of the court upon the merits of the case. It did consider and determine not only the sufficiency of the petition, but also the force of the evidence, and gave judgment for plaintiff. If the court wrongly decided either as to the facts or the law, its error did not render the judgment void. The error, if any was committed, must be corrected upon appeal and cannot be collaterally reviewed." (p. 473.)

It is worth while to know that in the above case the attack on the judgment was made by motion just as it was made in the case at bar and the court held that the motion of the defendants was a collateral attack.

In the case of *Skaer v. Capsey,* 127 Kan. 383, 273 Pac. 464, this court held:

"A judgment rendered by default upon a pleading and upon evidence as

described in the preceding paragraph, where the court has jurisdiction of the parties and the subject matter, is not void and should not be set aside, when attacked as such under R. S. 60-3009." (Syl. ¶ 4.)

The court further said:

"The vital question is whether the judgment is void or only voidable and that is determined by an inspection of the record for jurisdictional defects."

It cites 34 C. J. 514 as follows:

"By the weight of authority, whether a judgment is void or voidable is to be determined from an inspection of the record. If the record discloses the jurisdictional defect, the judgment is void; if it does not, the judgment is merely voidable."

In this case it appears that the action is one of partition; that service was had in the proper manner; and that the same was full and complete as to all parties; and that the land was located in Butler county, Kansas. Since an examination of the record discloses all these things and discloses no jurisdictional defect, we conclude that the court was correct in its ruling, denying the motion of appellant to declare the judgment void, and the decision is affirmed.