No. 30,554.

RICHARD C. PATTERSON, JR., KENNETH A. PATTERSON and MILDRED PATTERSON BULL, *Plaintiffs,* v. W. R. MITCHELL, Judge of the District Court of Osborne County, *Defendant.*

No. 30,658.

J. V. BOGGS v. SHENANDOAH OIL COMPANY, *Appellee,* (RICHARD C. PATTERSON et al., *Appellants*).

(11 P. 2d 1022.)

Opinion filed June 4, 1932.

*J. F. Tillman,* of Osborne, *David Ritchie,* of Salina, and *Henry Polk Lowenstein,* of Kansas City, Mo., for the plaintiff and appellants.

*N. C. Else,* of Osborne, and *A. E. Crane,* of Topeka, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: The first of these cases (No. 30,554) is an original proceeding in mandamus to require defendant to grant plaintiffs permission to sue the receiver appointed by the court in the case of *Boggs v. Shenandoah Oil Company* to determine plaintiffs' claims of title to land situated in another county. The second (No. 30,658) is an appeal from the order of the court denying such permission. The actions are consolidated here, for, aside from questions relating to procedure which are no longer important, they present the same legal questions; namely, the power of the court to refuse such permission in the situation disclosed by the record; or, if the court has power to so refuse, whether such refusal was an abuse of its discretion.

The motion for the writ of mandamus alleges in substance that defendant is the duly elected, qualified and acting judge of the fifteenth judicial district of this state, which includes Osborne county; that plaintiffs reside in New York City; that for five years last past they claim to have been the owners of a described quarter section of land situated in Montgomery county, Kansas, subject to certain oil and gas leases now owned by the Red Mound Oil Company; that, except for the interest of the oil company and its predecessors in the oil and gas lease, plaintiffs claim that during all the time mentioned they were and now are the fee owners of the land described, and that they have been in possession thereof through their agent, who is named; that the royalties from the oil and gas lease have been regularly paid to them until in July, 1931, since which time they have been held up because of certain events soon to be mentioned; that prior thereto and in 1923 one J. V. Boggs commenced an action in the district court of Osborne county against the Shenandoah Oil Company, in which action a receiver was appointed, and such action is still pending in that court; that about June 13,

1931, the receiver made application to the district court of Osborne county to enjoin the Prairie Oil and Gas Company, which was then purchasing the oil produced on the land in question, from paying royalties provided for in the oil and gas lease to these plaintiffs; that plaintiffs were not a party to that action, having never been served with summons or other process therein, nor having entered their appearance therein, and that they had no notice of the application of the receiver to enjoin the payment of the royalties; that the court allowed such injunction and since that time plaintiffs have been unable to collect such royalties; that in June, 1931, or at some time prior thereto, unknown to plaintiffs, the receiver mentioned set up some claim to the title and ownership of the land hereinbefore mentioned, the nature and extent of which are unknown to plaintiffs, which claim is a cloud upon plaintiffs' title and which makes it necessary for them to bring an action in the district court of Montgomery county, Kansas, to determine the rights of the respective parties to such land, and with that object in view the plaintiffs, on or about July 8, 1931, presented to defendant their application to sue the receiver in Montgomery county for such purpose; that such application was taken under advisement until September 26, 1931, when an order was made refusing to grant such permission. It is further averred that the district court of Montgomery county is the only court having jurisdiction of an action to hear and determine the rights of the respective parties to the ownership of the land in question, and that the order of defendant refusing plaintiffs permission to bring such an action is without sound reason therefor and is arbitrary and denies the rights of the plaintiffs to have a determination of their claims of ownership and title to such lands. Plaintiffs further allege, on information and belief, that should they bring an action against the receiver in Montgomery county, without having permission of defendant, they would be punished for contempt for so doing. The prayer is for an order requiring defendant to grant such permission.

The defendant has filed an answer to the alternative writ in which the place of residence of plaintiffs is admitted; also defendant's official position; also that the action of *Boggs v. Shenandoah Oil Company*, in which a receiver was appointed, was brought and is pending in his court. It is alleged that prior to the bringing of such action, and in 1919, Richard C. Patterson, father of plaintiffs, leased the real property in controversy to Hal W. Neiswanger for gas and

oil and to develop the same into a producing oil company; that for the purpose of having that done Patterson conveyed the property to Neiswanger, who at that time was president of the Shenandoah Oil Company; that Neiswanger paid nothing for the purchase price of the land, but gave back a mortgage for a sum greatly in excess of its value; that under an agreement between Patterson and Neiswanger the notes given for the sale of the stock of the corporation were to be turned over to Patterson, who was to collect them for ten per cent and retain one-half of the balance to apply upon the mortgage given by Neiswanger; that stock was sold, notes taken and collections made under this agreement, but that Patterson made no accounting to the corporation or to Neiswanger of the amounts so collected, or of royalties he has received from oil runs since 1923; that in 1925 Patterson made application to the court for permission to bring an action in Montgomery county to foreclose the mortgage; that the court heard the application, took testimony, which was transcribed, made findings of fact, but made no final order for the reason that no accounting had been had between Patterson and Neiswanger, or the corporation; that thereafter Richard C. Patterson died and his son, one of the plaintiffs herein, was appointed administrator of his estate, and in open court agreed that the action might be revived as to him as administrator and as to the legal heirs of Richard C. Patterson; that plaintiffs herein, as the heirs of Richard C. Patterson, have appeared in this case, and that by reason thereof the court has jurisdiction of them and of the subject matter; that in June, 1931, the then receiver applied for an order directing the Prairie Oil and Gas Company to discontinue the payment of royalties to plaintiffs pending further order of the court, and that such order was made; that thereafter, in July, 1931, the plaintiffs made application for permission to sue the receiver in Montgomery county for the purpose of obtaining a determination of the rights and interests of the parties to the land; that about the same time the receiver made an application to the court to render judgment upon the evidence heretofore introduced, which application has not been passed upon; that no accounting has been made by Richard C. Patterson or his heirs or personal representatives of moneys received for the sale of stock in the corporation, or of royalties received from the oil runs.

For the purpose of the hearing in this court only it is stipulated that the real property in controversy stands in the name of plain-

tiffs and that they claim to be the owners of the land, or a substantial interest therein.

In the appealed case the abstract shows the application made to the court in July, 1931, for permission to sue the receiver, and the order of the court made the following September refusing such permission. As a part of the abstract appellees have set forth a part of the testimony taken before the court on the former application for permission to sue the receiver.

Plaintiffs in the mandamus proceeding contend that the pleadings disclosed an actual controversy respecting the title to the real property situated in Montgomery county and argue that an action for the determination of the rights of the parties to that real property, whether by ejectment, to quiet title, or in some other form, must be brought in the county where the land is situated, and in support of this contention cite our statute (R. S. 60-501), the pertinent portion of which reads:

"Action for the following causes must be brought in the county in which the subject of the action is situated, . . . For the recovery of real property, or of any estate or interest therein, or for the determination in any form of any such right or interest, or to bar any defendant therefrom."

In a long line of decisions this court has consistently held in conformity with this statute that such actions must be brought in the county in which the real property is situated. (*Neal v. Reynolds*, 38 Kan. 432, 16 Pac. 785; *Jones v. Investment Co.*, 79 Kan. 477, 99 Pac. 1129; *Martin v. Battey*, 87 Kan. 582, 125 Pac. 88; *Randall v. Ross*, 94 Kan. 708, 147 Pac. 42; *Moore v. Hopkins*, 112 Kan. 345, 210 Pac. 1095; *Black v. Black*, 131 Kan. 154, 289 Pac. 480.)

Defendant argues that this statute and these decisions do not apply when the title to the land in question is claimed by a receiver appointed by the court of another county than that in which the land is situated. The statute makes no such exception, and in at least one case in which the statute was applied the receiver from another state was a party (*Simington v. Cubberly*, 132 Kan. 199, 203, 294 Pac. 908). We see no reason to make the exception contended for by defendant. Especially we see no such reason in this case where, from all the facts alleged, it seems reasonably clear that plaintiffs should have an opportunity to litigate their title in the forum provided by the statute.

In the mandamus proceeding the writ prayed for will issue. In the appealed case the order of the court refusing the permission requested is reversed.