No. 33,612

J. PARK SMITH et al., *Appellees*, v. C. E. MILLER, *Appellant*.

(75 P. 2d 273)

Opinion filed January 29, 1938.

*Robert Garvin, Evart Garvin* and *Morris Garvin,* all of St. John, for the appellant.

*Paul R. Nagle* and *William Davison,* both of St. John, for the appellees.

The opinion of the court was delivered by

DAWSON, C. J.: The single question in this appeal is the sufficiency of the service of summons to bring the defendant into court.

The action was to compel the defendant owner of a quarter section of land in Stafford county to remove a dam which interrupts and diverts the waters of Rattlesnake creek, which flows through his land and downstream therefrom through lands of plaintiffs, which are also situated in Stafford county.

Sometime in 1930 the defendant constructed a dam across Rattlesnake creek on his land, with the consequence that the natural flow of the creek was stored therein. Defendant diverted this water by a ditch leading from the dam, so that it never returned to its natural channel; and plaintiffs and other lower riparian landowners were thereby deprived of the natural flow of the stream to their permanent injury; and causing damages not easily measured or assessed.

Defendant resided in Reno county, and a summons issued to him out of the district court of Stafford county, directed to the sheriff of Reno county, was served on defendant by that officer in Reno county. Another summons to defendant directed to the sheriff of Stafford county was likewise served on defendant personally—presumably in Reno county—but on that point the record does not speak.

Defendant's motion to quash both summonses was overruled and the cause proceeded to judgment. A mandatory injunction was granted, to the effect that defendant should cease to make permanent diversion of the water from the creek, that he should remove the dam and close whatever artificial ditch he has constructed or maintained which leads water permanently away from its natural channel in Rattlesnake creek.

The propriety of the court's ruling on the motion to quash is to be determined by a careful examination of certain provisions of the civil code which read, in part, thus:

"Actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in the next section: *First*—for the recovery of real property, or of any estate or interest therein, or *for the determination in any form of any such right or interest, or to bar any defendant therefrom. Second*—for the partition of real property. *Third*—

for the sale of real property under a mortgage, lien or other encumbrance or charge." (G. S. 1935, 60-501.) (Italics ours.)

"If the real property, the subject of the action, be an entire tract, and situated in two or more counties, or if it consists of separate tracts situated in two or more counties, the action may be brought in any county in which any tract or part thereof is situated, unless it be an action to recover possession thereof; and if the property be an entire tract situated in two or more counties, an action to recover the possession thereof may be brought in either of·such counties; but if it consists of separate tracts in different counties the possession of such tracts must be recovered by separate actions, brought in the counties where they are situated." (G. S. 1935, 60-502.)

Under the common law as frequently declared by this court, water in the natural channel of a running stream is an inseparable attribute of the land through which the stream flows. In legal parlance it is part and parcel of the land itself. (*Shamleffer v. Peerless Mill Company*, 18 Kan. 24, 33; *Durkee v. Bourbon County Comm'rs*, 142 Kan. 690, 693, 694, 51 P. 2d 984; *Frizell v. Bindley*, 144 Kan. 84, 91, 92, 58 P. 2d 95; *Robertson v. Arnold*, 182 Ga. 664, 186 S. E. 806.)

In this view, it seems clear that the plaintiffs' action was "for the determination of a right or interest in land," and "to bar defendant therefrom," and therefore maintainable in the county where the land was situated—precisely as the civil code declares. (*Patterson v. Mitchell*, 135 Kan. 585, 589, 11 P. 2d 1022; *Wells v. Higgins*, 144 Kan. 155, 162, 163, 58 P. 2d 1097.) In 67 C. J. 808 the rule is thus stated:

"An action on the case for diverting a watercourse so far savors of the realty as to be classed with local actions and, in accordance with the general rule, must be tried in the county where the injury happened."

Appellant cites cases where the principal relief sought by injunction was in. personam, and where it was held that such an action must be brought in the county where the defendant can be summoned in conformity with the statute. (*Chambers v. Bridge Manufactory*, 16 Kan. 270; *Railway Co. v. Wynkoop*, 73 Kan. 590, 85 Pac. 595.) Neither of these cases was brought for the recovery of an interest in land nor for the determination of plaintiff's right thereto, or to bar the defendant therefrom. A careful reading of *Heston v. Finley*, 118 Kan. 717, 236 Pac. 841, also cited by defendant, should show that it was written with due deference to the provisions of the civil code which govern the present appeal—particularly the first paragraph of the syllabus and page 720 of the opinion.

Counsel for the appellees suggest that this appeal should· be dismissed, since it is mainly predicated on the trial court's ruling on a motion to quash the summonses.  Such a ruling is ordinarily not appealable before a final judgment is reached in the trial court (*Harwi v. Harwi,* 143 Kan. 710, 56 P. 2d 449).  Here, however, a final judgment was entered.  Consequently all the rulings adverse to defendant to which he made timely and pertinent objection might properly be the subject matter of an appeal, including, of course, the ruling on a timely motion to quash the summonses.

The record contains no error and the judgment is affirmed.